HUNT BROS. FRUIT—PACKING CO. v. CASSIDAY.

(Circuit Court of Appeals, Ninth Circuit.  October 29, 1894.)

No. 157.

1. PATENTS—DAMAGES FOR INFRINGEMENT.
   A jury can properly apportion all damages to the second claim of a patent when there is evidence tending to show that the royalty which the patentee had received was for this claim alone, and that the improvement covered by the first claim was not only valueless, but was a detriment to the machine.

2. SAME.
   Where damages cannot be assessed upon the basis of a royalty, nor on that of lost sales, nor on that of hurtful competition, the proper method of assessing them is to ascertain what would have been a reasonable royalty for the infringer to have paid, and it is the legitimate province of a jury to determine this fact.  McKeever v. U. S., 14 Ct. Cl. 414; Ross v. Railway Co., 45 Fed. 424; Royer v. Coupe, 29 Fed. 371; Cary v. Manufacturing Co., 37 Fed. 654.

3. SAME.
   Where there is no data from which the value of a royalty can be calculated with mathematical certainty, the damages, like damages in many other classes of cases, are calculable upon such evidence as it is in the nature of the case possible to produce.

In Error to the Circuit Court of the United States for the Northern District of California.

This was an action at law by John W. Cassiday against the Hunt Brothers Fruit-Packing Company to recover damages for the infringement of certain letters patent.  There was a judgment for plaintiff, which was reversed upon writ of error sued out by defendant, and the cause remanded for further proceedings.  3 C. C. A. 525, 53 Fed. 257.  At the second trial there was also judgment for plaintiff.  Defendant brings error.

Wheaton, Kalloch & Kierce, for plaintiff in error.

Estee & Miller, for defendant in error.

Before GILBERT, Circuit Judge, and MORROW, District Judge.

GILBERT, Circuit Judge.  This writ of error is brought to review the judgment upon a second trial of an action at law for damages for the infringement of letters patent No. 172,608, of date January 27, 1876, issued to John W. Cassiday, for improvements in drying apparatus.  The improvements covered by the patent refer to that class of fruit driers known as "stack driers," and are embraced in two claims,—the first, for a system of flues for distributing hot air through the stack of trays at different points; the second, for a mechanism to raise the fruit trays vertically, so that a tray may be inserted at the bottom of the stack, and be gradually raised in the process of drying, and finally removed from the top.  Only the second claim was shown to have been infringed.  At the first trial, the patentee, in endeavoring to establish the measure of damages by proof of an established royalty, furnished proof that the royalty which had been received was for the entire machine, including both the claims of the patent, and did not attempt to segregate the amount due to each claim.

Upon writ of error to this court the judgment was reversed (Packing Co. v. Cassiday, 53 Fed. 257, 3 C. C. A. 525), the court holding that "the proof of a license fee for two improvements in fruit driers is not competent in order to show the damages sustained by an infringement of one of these improvements."

Upon the second trial it is assigned that the court erred, first, in refusing to charge the jury to find nominal damages only. This instruction was asked upon the theory that the evidence in the second trial, as upon the first, failed to apportion the amount of the royalty received by the patentee to the respective claims covered by the patent. This contention is not sustained by the bill of exceptions. It there appears that upon the second trial there was evidence tending to show that the royalty which the patentee had received was for the second claim of his patent alone, and that the improvement covered by the first claim was not only valueless, but was a detriment to the machine. Under such testimony the jury could properly apportion all the damages to the second claim, and it would have been error to charge as requested by the plaintiff in error.

It is further assigned as error that the court instructed the jury as follows:

"But you have a right to consider what would have been a reasonable royalty for the defendant to have paid, and fix the damages at that sum. In determining this point, you must consider all of the facts of the case, and the utility and advantage of the invention over the old modes or devices which had been used at the time of the infringement for working out similar results, if the evidence shows such utility and advantage." "In this case it is only the second claim which is said to be infringed, and, in estimating damages, you must bear this in mind; and the evidence must not only be sufficient to establish what would be a reasonable royalty for the patent as a whole, but must be sufficient to enable you to fix what part of it, if any, should be allowed for the claim infringed. The data for this must be given by the evidence. You cannot surmise or conjecture. In other words, the evidence must be reliable and tangible, and not conjectural or speculative." "In deciding the royalty, you are entitled to consider the relative value of the several inventions covered by the patent, and the patented and unpatented features of it. In considering what would be a reasonable royalty, or rather in considering what would be a reasonable amount of damages, if you find that there is evidence sufficient to fix a reasonable royalty, your attention is directed to the time of the infringement. In other words, the time the patent had yet to run should be considered by you."

It is urged that these instructions are erroneous, for the reason that they permit the jury to determine what was a reasonable royalty for the plaintiff's invention, and to fix the damages at that sum. The law upon this subject, as stated in Walker on Patents (section 563) is as follows:

"Where damages cannot be assessed upon the basis of a royalty, nor on that of lost sales, nor on that of hurtful competition, the proper method of assessing them is to ascertain what would have been a reasonable royalty for the infringer to have paid."

The rule so announced is admitted by the plaintiff in error to be a correct statement of the law if there be added thereto the single qualification that there must be testimony in the case tending to show what would have been a reasonable royalty, and it is denied that any such evidence was offered in this case. The admis-

sion, in short, concedes the correctness of the charge as an exposition of the law, but challenges its correctness as applied to the facts disclosed on the trial. On referring to the bill of exceptions, it will be seen that the patentee testified that he had endeavored to fix the royalty at $100; that he had in some instances collected that amount as royalty; that he had sold his driers at $250, and that they had cost him $92; that his profits were $158, of which he estimated $58 to be the profits of the unpatented portions, leaving $100 as profit on the invention which was said to be infringed. He further testified that, in his judgment, that sum was a fair and reasonable royalty. There was evidence that the established royalty on the prior machine of Alden, a much more expensive drier, made under a patent containing claims similar to those of the plaintiff's patent, was $1,000, while its cost was but $250; and that the lifting device in the Alden patent was made at an expense of $75, while that of the patent in controversy cost but $17. It is difficult to conceive how there could have been more direct proof concerning the amount of a reasonable royalty in a case such as this. The estimate of the patentee placing it at $100 is, it is true, an expression of his opinion; but it is an opinion based to some extent upon figures and estimates. He evidently disclosed all the information he possessed upon the subject,—the cost of manufacture, the selling price, so far as he had sold, the profit, and his estimate of the proportion of the profit that should be attributable to the infringed invention. In this class of patents there are necessarily no data from which the value of a royalty can be calculated with mathematical certainty. The damages here, like damages in many other classes of cases, are calculable upon such evidence as it is in the nature of the case possible to produce.

The plaintiff was clearly entitled to damages for the infringement. If there had been an established royalty, the jury could have taken that sum as the measure of damages. In the absence of such royalty, and in the absence of proof of lost sales or injury by competition, the only measure of damages was such sum as, under all the circumstances, would have been a reasonable royalty for the defendant to have paid. This amount it was the province of the jury to determine. In so doing, they did not make a contract for the parties, but found a measure of damages. McKeever v. U. S., 14 Ct. Cl. 414; Ross v. Railway Co., 45 Fed. 424; Royer v. Coupe, 29 Fed. 371; Cary v. Manufacturing Co., 37 Fed. 654.

We find no error, and the judgment of the court below is affirmed, with costs to the defendant in error.