### CITY OF SEATTLE v. McNAMARA.

(Circuit Court of Appeals, Ninth Circuit. June 7, 1897.)

#### No. 330.

PATENTS—ACTION AT LAW FOR INFRINGEMENT—DAMAGES.

In an action at law for infringement, where plaintiff shows no established license fee, no market price, and no other use of the invention than that by defendant, there can be no recovery beyond nominal damages, and it is error to leave it to the jury to determine what would be a reasonable royalty.

In Error to the Circuit Court of the United States for the District of Washington, Northern Division.

Frank A. Steele, for plaintiff in error.
John Wiley and Alpheus Byers, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The defendant in error, James McNamara, brought this action against the city of Seattle to recover damages for the infringement of letters patent No. 521,767, centering for tunnels, issued to James McNamara on June 19, 1894. It was shown on the trial that the inventor, while employed as a masonry foreman in constructing sewer tunnels for the city of Seattle, conceived the form of centering of tunnels which was afterwards em-

bodied in his patent. The city used the device for 18 months, during which time the patentee continued in its employment as foreman. He was then discharged, and he soon after gave notice to the city that he had applied for a patent for his invention. The city continued to use his device, and it is for such subsequent use that the damages are claimed. It appeared on the trial that the patentee had made no sale of his device, or of the right to use the same, and had granted no licenses, and that no royalty had been established therefor, and that the device had never been used except by the plaintiff in error. The defendant in error was permitted by the court, against the objection of the plaintiff in error, to state the sum which, in his opinion, would be a reasonable royalty for the latter's use of the patented device. The principal assignment of error is that the court instructed the jury as follows:

"The jury are instructed upon the measure of damages that in this case the proper method of assessing plaintiff's damages, if you find that he is entitled to recover any, is for you to ascertain and determine what would have been a reasonable royalty for the defendant to have paid for the use of the invention at so much for each one made and used; and in determining this point, if there was an established royalty, that sum would have been the measure of damages; but in this class of cases, where no royalty has been established, there are, necessarily, no data from which the value of the royalty can be calculated with mathematical certainty, and damages, like damages in many other classes of cases, are calculable upon such evidence as it is in the nature of the case to produce. The amount of damages it is the province of the jury to determine, taking into consideration the whole evidence."

The latter portion of this charge embodies the views which were expressed by this court in the case of Packing Co. v. Cassiday, 12 C. C. A. 316, 64 Fed. 585, in which we approved the doctrine declared in section 563 of Walker on Patents, which is thus expressed:

"Where damages cannot be assessed upon the basis of a royalty, nor on that of lost sales, nor on that of hurtful competition, the proper method of assessing them is to ascertain what would have been a reasonable royalty for the infringer to have paid."

Since that decision was rendered, the supreme court, in the case of Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, reversing Royer v. Coupe, 29 Fed. 371, has announced the doctrine that in an action at law to recover damages for the infringement of letters patent the damages are measured only by the extent of the plaintiff's loss as proved by the evidence. The court said:

"At law the plaintiff is entitled to recover as damages compensation for the pecuniary loss he has suffered from the infringement, without regard to the question whether the defendant has gained or lost by his unlawful acts. * * * It is evident, therefore, that the learned judge applied the wrong standard in instructing the jury that they should find what the defendants might be shown to have gained from the use of the patented invention. * * * Upon this state of facts the evidence disclosing the existence of no license fee, no impairment of the plaintiff's market,—in short, no damages of any kind,— we think the court should have instructed the jury, if they found for the plaintiff at all, to find nominal damages only."

It is true that in Coupe v. Royer there was no evidence tending to show what would have been a reasonable royalty for the use of the plaintiff's device, the evidence upon that branch of the case being confined to proof of the advantage which the defendant would gain

through the use of the invention, and the profits he would derive therefrom; and the court did not expressly hold that in an action at law the plaintiff might not prove as the measure of his damages the sum that would be a reasonable royalty for his invention, and did not in terms disaffirm the doctrine expressed in Walker on Patents and in Packing Co. v. Cassiday, above referred to; yet the plain purport of the decision is to that effect. It declares the broad doctrine that there is no remedy at law for the infringement of a patent unless the plaintiff show actual damage to himself, or show that prior to the act of infringement a sufficient number of sales of the patented invention, or of the right to use the same, had been made at a settled price, to establish a royalty, or a market price, for the use of the invention, so that by the defendant's act his market had been impaired. There had been no such established royalty in the present case. The invention had not been used except by the plaintiff in error, and the right to use the same had not been sold to any one. It cannot be said, therefore, that a market for his invention has been created which could be the subject of impairment by the act of the infringer. Under the authority of Coupe v. Royer we are compelled to reverse the judgment at the cost of the defendant in error, and remand the case for a new trial.