BROWN et al. v. LANYON et al.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1906.)

No. 2,352.

PATENTS—INFRINGEMENT—ACTION AT LAW TO RECOVER PROFITS.

An action at law cannot be maintained for the sole purpose of recovering the profits which an infringer of a patent has made.

In Error to the Circuit Court of the United States for the District of Kansas.

Douglas Dyrenforth and C. E. Cory, for plaintiffs in error.

C. E. Benton, for defendants in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. This was an action at law to recover profits alleged to have been made by defendants in infringing letters patent of the United States, No. 471,264, for new and useful improvements in ore roasting furnaces belonging to complainants. We are relieved at the outset from a consideration of some minor questions by the frank admission of plaintiffs' counsel found in his brief that:

"The plaintiffs cannot prove any lost sales, or any established license fee, or any other form of direct damage. * * * If it be the law that plaintiffs have no right of recovery of defendants' profits, or of damages measured by defendants' profits, then the plaintiffs have no right of recovery in the present action, and the action of the lower court dismissing the petition is correct."

We are, accordingly, brought directly to the only question in the case, whether an action at law can be maintained for the sole purpose of recovering the profits which an infringer of a patent has made.

Under the early patent acts approved April 10, 1790 (1 Stat. 109, c. 7), February 21, 1793 (1 Stat. 318, c. 11), and April 17, 1800 (2 Stat. 37, c. 25) an action at law for damages was the only remedy provided by statute for the violation of the exclusive rights of a patentee. By the act of February 15, 1819 (3 Stat. 481, c. 19), a remedy in equity was first given a statutory warrant. It was there enacted that circuit courts should have original cognizance as well in equity as at law of all controversies arising under the patent laws. The only reference to the powers conferred upon the court sitting in equity was in the following language:

"Upon any bill in equity filed by any party aggrieved in any such cases," the Circuit Court "shall have authority to grant injunctions according to the course and principles of courts of equity to prevent the violation of the rights of any author or inventor secured to them by any laws of the United States, on such terms and conditions as the said courts may deem fit and reasonable."

By the act of July 4, 1836 (5 Stat. 117, c. 357), the remedies both at law and in equity were continued substantially as before and so remained until the passage of the consolidated patent act of July 8, 1870 (16 Stat. 198, c. 230). By the provisions of section 59 of that act, now section 4919 of the Revised Statutes [U. S. Comp. St. 1901, p. 3394], the damages recoverable in an action at law for the infringement of

a patent remained practically as before, namely, actual damages sustained as found by the verdict of the jury, with power in the court to increase the same not exceeding three times the amount of the verdict, according to the circumstances of the case; but by section 55 of the act, now section 4921 of the Revised Statutes [U. S. Comp. St. 1901, p. 3395], a change was made in the statutory provisions conferring jurisdiction upon the court in equity. Whereas by the acts of 1819 and 1836 general equitable jurisdiction in the language last quoted was conferred upon the courts, by the act of 1870 that jurisdiction was enlarged or particularly specified as follows:

The Circuit Courts "shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court shall assess the same or cause the same to be assessed under its direction, and the court shall have the same powers to increase the same in its discretion that are given by this act to increase the damages found by verdicts in actions upon the case."

In this act is found for the first time a reference to profits made by an infringer as an element of recovery, and that reference appears in the section conferring jurisdiction in equity, and does not appear in the section providing for recovery of damages in actions at law. Prior to the act of 1870, and afterwards, the Supreme Court of the United States had occasion to consider the subject of damages recoverable by a patentee for infringement of his patent, and also to consider under what circumstances and to what extent profits made by an infringer could be recovered, either at law or in equity, under the general jurisdiction conferred by the acts passed prior to 1870. Some of the cases are referred to by counsel for complainants as authority for their contention in this case. They are Seymour v. McCormick, 16 How. 180, 14 L. Ed. 1024; Suffolk Mfg. Co. v. Hayden, 70 U. S. 315, 18 L. Ed. 76; Mowry v. Whitney, 81 U. S. 620, 20 L. Ed. 860; Philp v. Nock, 84 U. S. 460, 21 L. Ed. 679; Packet Co. v. Sickles, 86 U. S. 611, 22 L. Ed. 203; Burdell v. Denig, 92 U. S. 716, 23 L. Ed. 764.

These cases relate to actions accrued before the act of 1870 went into effect, and expressions are found in them apparently recognizing that profits made by an infringer are elements of damage recoverable in actions at law; but it is very generally recognized in them, as stated in the Burdell Case, that:

"Profits are not the primary or true criterion of damages for infringement in an action at law. That rule applies eminently and mainly to cases in equity, and is based upon the idea that the infringer shall be converted into a trustee, as to those profits, for the owner of the patent which he infringes — a principle which it is very difficult to apply in a trial before a jury, but quite appropriate on a reference to a master, who can examine defendant's books and papers, and examine him on oath, as well as all his clerks and employés. On the other hand, we have repeatedly held that sales of licenses of machines, or of a royalty established, constitute the primary and true criterion of damages in the action at law."

The act of 1870, which first dealt with the subject of profits as such, doubtless meant something. Congress saw fit to change the law from a conference of general jurisdiction in equity in patent cases, to be exercised conformably to ancient usages and practice, to a conference of jurisdiction to be exercised sub modo and with a special reference to "profits" embodied in a particular provision for ascertaining and awarding them "under its direction" and "upon a decree being rendered in any such case for an infringement." What did this change in the law mean? We cannot construe it otherwise than as a legislative declaration that, whatever may have been the rule before, or whatever doubt or uncertainties may have existed on the subject, profits made by an infringer should in the future be accounted for by him in equity as a fund held in trust for the use of the owner of the patent.

We are not, however, called upon for any original consideration of that question. It has, in our opinion, been authoritatively and conclusively answered by the Supreme Court. In the equity case of Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, Mr. Justice Gray, speaking for the court, after referring generally to patent legislation and the foregoing cases, observes as follows:

"The principal question of law now presented is as to the general rule that should govern the amount to be recovered. * * * In an action at law for the infringement of a patent, the plaintiff can recover a verdict for only the actual damages which he has sustained; and the amount of such royalties or license fees as he has been accustomed to receive from third persons for the use of the invention, with interest thereon from the time when they should have been paid by the defendants, is generally, though not always, taken as the measure of his damages. * * * But, upon a bill in equity by the owner against infringers of a patent, the plaintiff is entitled to recover the amount of gains and profits that the defendants have made by the use of his invention. * * * The reasons that have led to the adoption of this rule are that it comes nearer than any other to doing complete justice between the parties; that in equity the profits made by the infringer of a patent belong to the patentee, and not to the infringer. * * * The rule in equity of requiring an infringer to account for the gains and profits which he has made from the use of a patented invention, instead of limiting the recovery to the amount of royalties paid to the patentee by third persons, has been constantly upheld under the provisions of the patent act of 1870, embodied in the Revised Statutes, which, besides re-enacting the grant of general equity jurisdiction in patent cases, further enacts that, upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court shall assess the same or cause the same to be assessed under its direction, * * * and thus expressly affirms the defendant's liability to account for profits," etc.

In the case of Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, 39 L. Ed. 263, which was an action at law to recover damages for infringement of letters patent, the trial court instructed the jury on the measure of damages as follows:

"The course taken by the plaintiffs to show the amount of damages is a proper one. They undertake to show the advantage of this invention to any person using it, and the law deems it a fair inference that, whatever value has been received by the defendants through the use of this invention, so much has been taken from the plaintiffs, and they are entitled to have it restored to them."

There was a recovery of damages, and one of the errors assigned was that the instruction to the jury just quoted was erroneous. Mr. Justice Shiras, speaking for the court, says on this subject as follows:

"We cannot approve of this instruction, which we think overlooked the established law on the subject. The topic is one upon which there has been some confusion, and perhaps some variance, in the cases. But recent discussion has cleared the subject up, and the true rules have become well settled. There is a difference between the measure of recovery in equity and that applicable in an action at law. In equity, the complainant is entitled to recover such gains and profits as have been made by the infringer from the unlawful use of the invention, and, since the act of July 8, 1870, in cases where the injury sustained by the infringement is plainly greater than the aggregate of what was made by the defendant, the complainant is entitled to recover the damages he has sustained, in addition to the profits received. At law the plaintiff is entitled to recover, as damages, compensation for the pecuniary loss he has suffered from the infringement, without regard to the question whether the defendant has gained or lost by his unlawful acts; the measure of recovery in such cases being, not what the defendant has gained, but what plaintiff has lost. As the case in hand is one at law, it is not necessary to pursue the subject of the extent of the equitable remedy; but reference may be had to Tilghman v. Proctor, 125 U. S. 137, 8 Sup. Ct. 894, 31 L. Ed. 664, where the cases were elaborately considered and the rule above stated was declared to be established. * * * It is evident, therefore, that the learned judge applied the wrong standard in instructing the jury that they should find what the defendants might be shown to have gained from the use of the patented invention."

Learned counsel for plaintiff insist that neither Tilghman v. Proctor nor Coupe v. Royer concludes the question before us; that the announcements there made concerning the measure of recovery in actions at law were voluntary, and not necessary for the decision of the case. They say that the first is a case in equity, and contains an intimation that profits may be recovered either at law or in equity, and that no ruling was there required upon the question concerning the measure of damages in actions at law, and that the real question in the second case related to the sufficiency of the proof to establish the amount of profits. It is true the court in Coupe's Case, after announcing the rule that defendant's gains cannot enter into damages recoverable in an action at law, says:

"Nor, even if defendant's gains were the measure of their liability, did the evidence justify the instruction, because that evidence tended to show what Royer estimated that defendant's profits might have been, and not what they actually were."

The existence of this last-mentioned reason for condemning the instruction complained of does not render the first-mentioned reason irresponsive or unnecessary. The case had to be remanded for another trial, and it was the duty of the court to consider the error assigned on the instruction concerning the measure of damages, not only to respond to the assignment as made, but to properly instruct the court below for the next trial. The last reason given for condemning the instruction might more properly be said to be a voluntary statement than the first one. Whatever counsel or this court may think was decided in the Tilghman Case, or concerning its authority for the rule laid down in the Coupe Case, is quite immaterial. The Supreme Court, in the exercise of its undoubted right to construe its own decisions,

unanimously stated in the Coupe Case that the rule explicitly stated in that case "was declared to be established" in Tilghman v. Proctor. We regard these two cases as direct and controlling authority on the question before us. They, and especially the Coupe Case, recognize that the subject of the measure of recovery in actions at law for infringement of patents had been one upon which "some confusion, and perhaps some variance," had appeared in former decisions, and the purpose, obviously, was to terminate that confusion and lay down an explicit rule for the future. The commendable research, zeal, and ingenuity of counsel for plaintiffs must, therefore, be first exercised upon the Supreme Court to induce it to change its view or to agree with him that we have misconceived its instruction before we can adopt his theory. After careful research we are unable to find any decision of the Supreme Court or of any of the United States Circuit Courts of Appeals, rendered since the decision of Coupe v. Royer, which give any support to complainants' contention. On the contrary, the measure of damages laid down in that case is recognized and approved in the following: Belknap v. Schild, 161 U. S. 10, 25, 16 Sup. Ct. 443, 40 L. Ed. 599; Houston, etc., Ry. Co. v. Stern, 20 C. C. A. 568, 74 Fed. 636, 639; City of Seattle v. McNamara, 26 C. C. A. 652, 81 Fed. 863; City of Boston v. Allen, 33 C. C. A. 485, 91 Fed. 248, 252.

There is no merit in the contention that the conformity act of 1872 (Act June 1, 1872, c. 255, § 5, 17 Stat. 197; section 914, Rev. St. [U. S. Comp. St. 1901, p. 684]) entitles plaintiffs to the remedies existing by the statutes of Kansas, and that, because they have abolished the distinction between legal and equitable remedies, we should also do so, and award the plaintiffs that recovery which the facts in any form of action would warrant. Boyle v. Zacharie, 6 Pet. 647, 8 L. Ed. 527; Scott v. Neely, 140 U. S. 106, 110, 11 Sup. Ct. 712, 35 L. Ed. 358.

The embarrassment in which plaintiffs find themselves is to be regretted. They, by reason of the fact that the infringement complained of had ceased before this suit was instituted, were unable to invoke equitable relief by injunction and secure an accounting of profits incident to the main relief sought, and by reason of the rule laid down in Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, that equity affords no relief to secure an accounting for profits made, disconnected with some other head of equity jurisdiction, insist that unless this suit can be maintained they have a right without a remedy —a condition which is abhorrent and intolerable in the eye of the law. The fault is unfortunately theirs. They should have proceeded while the infringement was in progress, and secured their injunctive relief, and with it their desired accounting. Many a suitor has by laches or by the operation of statutes of limitation lost a remedy for the enforcement of his right. However that may be, the law of this case, in our opinion, is against the plaintiffs.

The judgment below dismissing their action was correct, and it is accordingly affirmed.