**WALLACE & TIERNAN CO., Inc., v. CITY OF SYRACUSE et al.**

**No. 89.**

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1930

694

Frank P. Malpass, of Syracuse, N. Y. (B. W. Henderson, of New York City, of counsel), for appellant.

Wood, Molloy & France, of New York City, and George E. Rendell, of Utica, N. Y. (Loren N. Wood, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

Wallace & Tiernan, as exclusive licensee of a patent for a process for purifying water, sued the city of Syracuse for infringement, and got an interlocutory decree referring the damages to a master. The city had used the patent in two installations, one at its city water supply, and the other at a swimming pool at one of its public schools. All the apparatus in question installed at the water supply was necessary to practice the process, but only 28 per cent. of that installed at the pool. The plaintiff had bid upon both jobs, $1,400 for the water supply, and $1,825 for the swimming pool; the city accepted lower bids from the manufacturer of the infringing apparatus, who defends the suit.

Before the master the plaintiff, by its general sales manager, proved what it called a fixed royalty computed at twenty-five per cent. of the cost of installation, and ten dollars a month, while the apparatus was used. It did not prove what would have been its profits on the jobs, had the city accepted its bids, nor that the supposed royalties had been accepted by users of its patent in more than eight instances in three years. Most of its work was installing its own apparatus; but it had sent out to infringers some one hundred letters demanding the royalty so fixed, with the foregoing result. If not a fixed royalty, it contended that the amount was at least a reasonable royalty, and this it supported by the manager's opinion. The master accepted the evidence of a royalty as so given, and recommended that the damages should be trebled. The judge confirmed his report and entered a final decree. The defendant appealed.

█ It is conceded that the defendant got no profits from using the patented invention, so that the case is one for damages only. Section 70 of title 35, U. S. Code (35 USCA § 70), provides that if the plaintiff in a suit for infringement has suffered damage, "but that such damages * * * are not susceptible of calculation and determination with reasonable certainty," the court may resort to a reasonable royalty. Before it was enacted, the rule had not been different (Hunt, etc., Co. v. Cassiday, 64 F. 585 [C. C. A. 9]; Munger v. Perlman Rim Corp., 275 F. 21 [C. C. A. 2]; U. S. Frumentum Co. v. Lauhoff, 216 F. 610, 616 [C. C. A. 6]; Jones v. Sykes Metal Lath Co., 254 F. 91 [C. C. A. 6]); but the plaintiff argues that it is still not a condition upon recovering a reasonable royalty, to show the absence of a fixed royalty, and the impossibility of computing lost sales with certainty. It relies upon two cases in the Sixth Circuit. K. W. Ignition Co. v. Temco Electric Motor Co. (C. C. A.) 283 F. 873; Godwin Co. v. International Steel Tie Co. (C. C. A.) 29 F.(2d) 476. In the second the plaintiff, who had tried to recover for lost sales, but was awarded only a reasonable royalty, appealed because the award was too low. He failed, and was confined to a reasonable royalty, because he had not made adequate proof of the damages due to lost sales. Plainly the case has nothing to do with his right to recover a reasonable royalty against the defendant's insistence that he could have proved his damages directly. The defendant had not argued this; it was seeking to support the award. In the first case just cited, while the court thought the evidence sufficient to prove that the plaintiff would have made the sales which the defendant took away from him, the damages had been based upon the defendant's profits. These the court thought might well have been quite different from the plaintiff's profits had it made the sales, and for this reason resorted to a reasonable royalty, though it must be owned that it does not clearly appear wheth-

er the plaintiff's putative profits were computable. Be that as it may, there can be no doubt since the passage of the statute that it is necessary to show this before a reasonable royalty can be awarded.

We think the evidence insufficient to establish a fixed royalty. The plaintiff has not secured an acceptance by the trade at large of its terms; eight instances in three years is not enough. Rude v. Westcott, 130 U. S. 152, 163–165, 9 S. Ct. 463, 32 L. Ed. 888; Houston, etc., Ry. v. Stern, 74 F. 636, 639, 640 (C. C. A. 5); American Sulphite, etc., Co. v. De Grasse Paper Co., 193 F. 653 (C. C. A. 2); Dunkley Co. v. Central Cal. Canneries, 7 F.(2d) 972, 976 (C. C. A. 2). Moreover, it is not clear that in all of these the royalty as now maintained had been unconditionally paid. The supposed licensees had been infringing already, and may have paid the sums to buy their peace.

The evidence of lost sales was sufficient, since the plaintiff had bid on both jobs, and stood willing to do the work. Its installation would have been a license to use the process, and the city had prescribed it for the work; it was reasonably certain that it would have accepted the plaintiff's bids, if the infringing manufacturer had kept out of the field. The damages recoverable may be taken either as the whole profits on the job, after deducting general overhead, selling cost and the like, or as these, less a reasonable profit of manufacture. Justice Nelson in McCormick v. Seymour, Fed. Cas. No. 8727, adopted the second standard in charging the jury, but the plaintiff did not except to it, and the affirmance (Seymour v. McCormick, 19 How. 96, 15 L. Ed. 557) did not consider the point. On the other hand, we held in National Folding-Box & Paper Co. v. Elsas, 86 F. 917, that the plaintiff might recover the whole profits; we said that an allowance of the ordinary profits of manufacture was proper only when the patent did not cover the whole infringing apparatus. The Third Circuit seems to have allowed the full profits in Bemis Car Box Co. v. Brill Co. (C. C. A.) 200 F. 749, and Welling v. La Bau (C. C.) 34 F. 40, and Pressed Prism Plate Glass Co. v. Continuous Glass Prism Co. (C. C.) 181 F. 151, 157, look the

same way. When the patent covers the whole apparatus which the patentee would have sold, and he is therefore shown to have lost that much, we think that his profits are the measure of his damages. There must, however, be deducted all his expenses.

The swimming pool raises another question. The infringing apparatus was only twenty-eight per cent. in value of the whole bid, and the parts are separable, those necessary to the practice of the process being quite distinct from the rest. One way would be to allocate a fair manufacturing profit upon the unpatented part and to allow the balance as profits on the patent. Another would be to say that the damage from lost sales could not be proved at all, and that recourse should be had to a reasonable royalty. Even so, patently the profits on the whole job would always be a limit upon the recovery, since by no possibility can the plaintiff suffer more. We think, however, that the question is rather of apportioning a known loss than of finding a tolerable substitute, for that is in substance what we do when we fix a reasonable royalty. Hence it seems to us, as intimated in National Folding-Box & Paper Co. v. Elsas, that the proper method is to deduct from the whole profits on the job, after proper allowance for overhead and the like, a reasonable manufacturing profit upon the unpatented part of the apparatus and to allow the remainder as damages. This apportionment is not difficult, as in the case of an improvement patent, though even then the plaintiff has prima facie the burden of separating the two. Westinghouse, etc., Co. v. Wagner Mfg. Co., 225 U. S. 604, 614, 615, 32 S. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653. The burden is capable of discharge when the apparatus is separable functionally, as here; it should be applied.

The award of treble damages we will not disturb. At best it is one primarily in the discretion of the District Court (Fox v. Knickerbocker Engraving Co., 165 F. 442 [C. C. A. 2]), and the evidence is not such as disposes us to interfere in this case.

Decree reversed and cause remanded with instructions to proceed in conformity with the foregoing.