RANDOLPH LABORATORIES, Inc., v.
SPECIALTIES DEVELOPMENT
CORPORATION.

No. 10220.

United States Court of Appeals.
Third Circuit.

Argued Nov. 16, 1950.

Decided Nov. 29, 1950.

Ralph M. Snyder, Chicago, Ill., (Pitney, Hardin & Ward, Newark, N. J., on the brief), for Randolph Laboratories, Inc.

Floyd H. Crews, New York City, (Darby & Darby, and Harvey W. Mortimer, all of New York City, J. William Carson, Belleville, N. J., on the brief), for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This case was here before. 3 Cir., 178 F.2d 477. Certiorari was applied for by the plaintiff and denied. 339 U.S. 953, 70 S.Ct. 840. The present appeal is from the judgment entered pursuant to our mandate. A clerical error was made in that judgment, the words "by those models in which there is a safety device to which the coupling of the intake or discharge pipe is screwed or otherwise affixed, and not" having been omitted immediately before the words "by those models in which the coupling is placed over the safety device, being affixed to the member into which that device is screwed, instead of being screwed to the device itself." The defendant offered to agree to the correction of the error by the amendment of the judgment to include the omitted language but the plaintiff refused to cooperate. Instead it took the present appeal, apparently with the idea that it might induce us thereby to reconsider the issues settled by our mandate.

An appeal from a judgment on mandate cannot operate as a rehearing of the questions settled by the mandate. We cannot condone the action of the plaintiff in refusing to cooperate in the correction of what it must have known was a purely clerical error by the district court, which correction would have rendered this appeal wholly unnecessary. Under the circumstances we think it right that the appellant should pay the costs of this appeal.

The judgment of the district court entered on the mandate of this court will be vacated and the cause will be remanded with directions to enter a judgment on mandate corrected as indicated in this opinion. The appellant will pay the costs of this appeal.