**RANDOLPH LABORATORIES, Inc.**

v.

**SPECIALTIES DEVELOPMENT CORP. et al.**

Appeals of **RANDOLPH LABORA-TORIES, Inc.**

Appeals of **SPECIALTIES DEVEL-OPMENT CORP. et al.**

**Nos. 11219–11222.**

United States Court of Appeals Third Circuit.

Argued May 3, 1954.

Decided June 24, 1954.

As Amended on Denial of Rehearing July 21, 1954.

W. Brown Morton, New York City (Pennie, Edmonds, Morton, Barrows & Taylor, New York City, Stanton T. Lawrence, Jr., Rutherford, N. J., Frank F. Fowle, Jr., Chicago, Ill., on the brief), for Randolph Laboratories.

Floyd H. Crews, New York City (Floyd H. Crews, New York City, Darby & Darby, Harvey W. Mortimer, New York City, on the brief), for Specialties Dev. Corp. et al.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

These appeals bring to us for review the final judgment in a hard fought patent case. Randolph Laboratories, Inc. sued Walter Kidde & Company, Incorporated, and its patent holding subsidiary Specialties Development Corporation, in the District Court for the District of New Jersey for a declaratory judgment of invalidity and non infringement of Minor Patent No. 1,760,274. Specialties thereupon counterclaimed for an injunction and damages as to that and certain other patents including Mapes Reissue Patent No. 18,839. The case has been here three times before 3 Cir., 178 F.2d 477; Id., 3 Cir., 185 F.2d 403; Id., 3 Cir., 199 F.2d 680. The Minor patent was held invalid. Certain claims of the Mapes patent were held valid and infringed by Randolph's fire extinguishers and the district court referred the case to a special master for an accounting of Specialties' damages because of the infringement. The master found that damages should be awarded on the basis of a reasonable royalty, that 7% of total sales was such a royalty and that this would amount to $263,312.40. He accordingly recommended the award to specialties of damages in that sum. Exceptions were filed by both parties. These were all dismissed by the district court which confirmed the special master's report and entered judgment in favor of the defendants and against Randolph in the sum of $263,312.40 and costs. From the order confirming the master's report and the judgment thus entered Randolph appealed. The district court in its order and judgment declined to include interest or to award treble damages or counsel fees. From its refusal to do so the defendants appealed.

The Mapes patent with which we are here concerned relates to a recoil prevention safety device used in connection with a portable high pressure gas cylinder such as a carbon dioxide fire extinguisher. It is fully described in our prior opinions reported in 178 F.2d 477 and 199 F.2d 680. The master found that the patent dominated the use and salability of fire extinguishers and his award of a 7% royalty was based upon that premise. It is clear, however, that the finding of domination was erroneous. This court in its opinion denying Randolph's petition for leave to reopen the district court's interlocutory adjudication of the validity of the Mapes patent pointed out that it is limited in scope to the use of a recoil preventing safety device of the type described in the specification of the patent, namely, one which without hindering the escape of gas so diffuses its flow as to prevent recoil. The evidence is uncontradicted that except in one instance the defendants did not grant licenses to the industry for the use of the device of the Mapes patent but reserved this device for their own use as a competitive feature of their fire extinguishers. The defendants concede that many of their competitors used a different safety device.

The fact is that it was the device of the Minor patent No. 1,760,274, the outwardly flaring shield or horn enclosing the nozzle, which actually dominated the industry since the use of that device was essential to the operation of a high pressure carbon dioxide fire extinguisher. But the Minor patent was held to be invalid by the district court and by this court. Accordingly Specialties' claim

was restricted to the Mapes patent for what, as we have pointed out, was an advantageous feature but not an essential or dominating one. It follows that the award of damages recommended by the master and approved by the district court was based on an erroneous premise. We are satisfied that the award, based as it was on 7% of total sales, was grossly excessive and that it must be set aside.

■■■ This case has been pending nine years. The record before us contains all the evidence and other materials necessary to a proper judgment. We think, therefore, that the case should not be sent back to the district court for further findings but that we should make final disposition of it here and now, as was done in Horvath v. McCord Radiator & Mfg. Co., 6 Cir., 1938, 100 F.2d 326, certiorari denied 308 U.S. 581, 60 S.Ct. 101, 84 L.Ed. 486, and Hardt v. Heller Bros. Co., 3 Cir., 1948, 171 F.2d 644. We accordingly proceed to consider the amount of the damages to which Specialties is entitled. This amount is to be based upon what would be a reasonable royalty, that is, what a manufacturer desiring to use the patented device would be willing to pay as a royalty for its use. Faulkner v. Gibbs, 9 Cir., 1952, 199 F.2d 635.

The evidence indicates that the defendants had licensed the use of the device of the Minor patent to various members of the industry at a royalty rate of 3% of sales. While the defendants assert that this was during the earlier developmental period and that they later issued licenses at a 15% royalty rate it appears that as late as 1945 the defendants offered Randolph a license agreement covering the Minor patent at the 3% rate. A rate of 3% thus appears to be established in this industry as a reasonable royalty for the use of the essential device of a patent dominating the field. The Mapes patent, as we have seen, did not dominate the field, although its device was undoubtedly superior to the ball check valve with which it competed. We conclude, therefore, that damages based upon a royalty of 2% of total sales would be fair and just in this case. This conclusion finds further support in the fact that the defendants appear to have licensed both the Minor and Mapes patents in 1938 to the American-La France Foamite Corporation at a royalty rate of 5%. The total sales of Randolph were found by the master to amount to $3,761,605.80. The damages to be awarded to Specialties computed at 2% of this amount should, therefore, be $75,232.12.

■■ Randolph asserts that the defendants are estopped from claiming damages for infringement of the Mapes patent by reason of the defendants' actions in charging it originally with infringement of the Minor patent only. We see no merit whatever in this contention since no basis for an estoppel was established.

■■ We turn then to the contentions raised by the defendants on their appeals that the district court erred in refusing to include interest from the time of infringement in the judgment, to treble the damages or to allow counsel fees. There is no merit in these contentions. It is settled that interest on an unliquidated claim for damages in a patent infringement suit is allowable from the time of infringement only under special circumstances and in the discretion of the court. Tilghman v. Proctor, 1888, 125 U.S. 136, 8 S.Ct. 894, 31 L.Ed. 664; Duplate Corp. v. Triplex Co., 1936, 298 U.S. 448, 56 S.Ct. 792, 80 L.Ed. 1274; Gotham Silk Hosiery Co. v. Artcraft Silk Hos. Mills, 3 Cir., 1945, 147 F.2d 209. This is true even though the damages awarded are computed on the basis of a reasonable royalty. Merrell Soule Co. v. Powdered Milk Co., 2 Cir., 1925, 7 F.2d 297. Treble damages and attorneys fees are also allowable only in the discretion of the district court. Enterprise Mfg. Co. v. Shakespeare Co., 6 Cir., 1944, 141 F.2d 916; Merrill v. Builders Ornamental Iron Co., 10 Cir., 1952, 197 F.2d 16; 35 U.S.C. § 285. We see no basis in this record for holding that the district court

abused its discretion in refusing to award interest, treble damages or counsel fees.

The judgment of the district court will be modified by reducing the award of general damages in favor of the defendants and against the plaintiff from $263,312.40 to $75,232.12. As so modified the judgment will be affirmed. Each party will bear its own costs.