**Leonard J. JULIEN**

v.

**GOMEZ & ANDRE TRACTOR REPAIRS, INC.**

Civ. A. No. CA 76–260–B.

United States District Court, M. D. Louisiana.

April 15, 1981.

William J. Jefferson, James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, La., for plaintiff.

Steven Joffrion, Malcolm J. Dugas, Jr., Joffrion, Dugas & LeBlanc, Donaldsonville, La., for defendants.

POLOZOLA, District Judge:

Leonard Julien has filed this suit against Gomez & Andre Tractor Repairs, Inc. (Gomez & Andre) for patent infringement of United States Letters Patent No. 3,286,858 which was issued to the plaintiff on November 22, 1966, on a mechanical sugar cane planter. After this suit was filed, the court found "defendant's device within the range of equivalents afforded the Julien patent" and "enjoined [the defendant] from directly or indirectly making, using, selling or causing to be made, used, or sold the device herein held to have infringed U.S. Letters Patent Number 3,286,858, belonging to plaintiff, Leonard J. Julien." *Julien v. Gomez & Andre Tractor Repairs, Inc.*, 438 F.Supp. 763 (M.D.La., 1977). That judgment was affirmed on appeal. *Julien v. Gomez & Andre Tractor Repairs, Inc.*, 607 F.2d 1004 (5 Cir. 1979). The validity of the patent and the fact of infringement have therefore been established and are no longer issues in this case.

This matter is now before the Court solely on the issue of damages. The plaintiff contends that a reasonable royalty is the proper measure of damages and the established royalty charged on each device by the plaintiff is reasonable under the circumstances of this case. In addition, the plaintiff seeks treble damages and reasonable attorney fees for willful and deliberate infringement. The defendant argues that by calculating a reasonable royalty as the price which was established by the plaintiff, only the carrier or planter head portion of the device should be included. Therefore, the defendant claims that $200.00 per device rather than $1,000.00 per device is the proper measure of a reasonable royalty in this case. Furthermore, the defendant urges that its actions did not amount to willful or deliberate infringement.

▉ In calculating damages for patent infringement, a patent holder is entitled to receive compensation for the infringement which should not be less than a reasonable royalty. *Trio Process Corporation v. L. Goldstein's Sons, Inc.*, 533 F.2d 126 (3 Cir. 1975), appeal after remand, 612 F.2d 1353 (3 Cir. 1980); 35 U.S.C. § 284. 35 U.S.C. § 284 provides for patent infringement damages:

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances."

▉ The purpose of a damage award for patent infringement is to give the plaintiff reasonable and full compensation for the loss incurred because of the patent infringement. *Milgo Electronic v. United Bus. Communications*, 623 F.2d 645 (10 Cir. 1980). Although calculation of actual damages, generally lost profits, is one method of measuring damages for patent infringement, it is only appropriate in certain situations. *Henry Hanger & Display Fixture Corp. v. Sel-O-Rak Corp.*, 270 F.2d 635 (5 Cir. 1959); *Livesay Window Co. v. Livesay Industries, Inc.*, 251 F.2d 469 (5 Cir. 1958); *Graham v. Jeoffroy Mfg.*, 253 F.2d 72 (5 Cir. 1958), cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59, rehearing denied, 358 U.S. 890, 79 S.Ct. 117, 3 L.Ed.2d 118. In order to recover lost profits rather than a reasonable royalty in a patent infringement action, the patentee must prove that in all reasonable probability he would have made the sales which the infringer made. *Milgo Electronic v. United Bus. Communications*, supra, at 663; *Hughes Tool Co. v. G.W. Murphy Industries, Inc.*, 491 F.2d 923, 929 (5 Cir. 1973); *Livesay Window Co. v. Livesay Industries, Inc.*, supra, at 471–72; *Power Speciality Co. v. Connecticut Light & Power*

*Co.,* 80 F.2d 874, 875 (2 Cir. 1936). In the instant case the parties agree that the lost profits test is not the proper measure of damages since the plaintiff's only use of the patent was to license it for use by others. See *Trio Process Corporation v. L. Goldstein's Sons, Inc.,* supra, 533 F.2d at 129; *Tights, Inc. v. Kayser-Roth Corp.,* 442 F.Supp. 159 (M.D.N.C.1977).

■■■ It is well established that when actual damages are not proven, the plaintiff is entitled to a reasonable royalty. *Milgo Electronic v. United Bus. Communications,* supra, at 663; *Panduit Corp. v. Stahlin Bros. Fibre Works,* 575 F.2d 1152 (6 Cir. 1978); *Hughes Tool Company v. G.W. Murphy Industries, Inc.,* supra at 930; *Wallace & Tiernan Co. v. City of Syracuse,* 45 F.2d 693 (2 Cir. 1930); 35 U.S.C. § 284. In determining a reasonable royalty, the Court must attempt to discover "what a manufacturer desiring to use the patented device would be willing to pay as a royalty for its use." *Hughes Tool Company v. G.W. Murphy Industries, Inc.,* supra, at 930; *Randolph Laboratories, Inc. v. Specialities Development Corp.,* 213 F.2d 873, 875, cert. denied, 348 U.S. 861, 75 S.Ct. 91, 99 L.Ed. 678 (3 Cir. 1954).

A review of the testimony presented at the trial on damages revealed that Julien was not actively engaged in the manufacture of his sugar cane planting device. Plaintiff did collect royalties from 1967 through 1975 from individuals who manufactured sugar cane planting devices. The standard royalty received by the plaintiff for the complete machine was $1,000.00. The standard royalty received for the carrier or planter head portion of the device was $200.00. The record also reflects that the plaintiff earned all of his royalty income prior to 1976. Plaintiff disclosed to the defendant the royalty rate he received on each machine prior to the time this suit was filed. Subsequent to 1976, the defendant manufactured, either partially or completely, eleven machines which infringed plaintiff's patent. The carrier was manufactured for the defendant by someone else at a cost of $620.00 per carrier. Gomez testi-

fied that the total cost of the complete sugar cane device was $5,500.00, and the usual sale price was $6,500.00. The cost charged by Gomez & Andre for installation of the carrier was $1,200.00.

■■■ The established standard royalty rate does not necessarily per se constitute a reasonable royalty. *Trio Process Corporation v. L. Goldstein's Sons, Inc.,* supra, 612 F.2d at 1358; *General Motors Corp. v. Blackmore,* 53 F.2d 725 (6 Cir. 1939). Nevertheless, the standard royalty charged by Julien is an important factor in the determination of a reasonable royalty, at least when these royalties prove or tend to prove an established royalty. *Trio Process Corporation v. L. Goldstein's Sons, Inc.,* supra, 612 F.2d at 1358; *Georgia-Pacific Corp. v. United States Plywood Corp.,* supra, 318 F.Supp. at 1120; *Wayne-Gossard Corp. v. Moretz Hosiery Mills, Inc.,* 447 F.Supp. 12 (W.D.N.C.1976). In this case there is no reason to adopt a hypothetical royalty rate or to adjust the established standard royalty. The royalty rates agreed upon by Julien and other manufacturers were arrived at in free and open negotiations conducted prior to any infringing activity by the defendant. As noted previously, Julien and one of the officers of Gomez & Andre discussed the royalty rates charged by Julien, although Gomez insists that the $1,000.00 royalty rate was reduced to $500.00. These facts indicate a direct comparison between the established royalty rates offered Julien from 1967 through 1975 and the royalty Gomez & Andre would have been willing to pay to use the patented device. Therefore, under the circumstances of this case, the Court finds that a comparison to the established standard royalty is the preferred method of determining the reasonable royalty. Thus, in summary, the Court finds that the reasonable royalty rate for the carrier or head planter alone was $200.00. The royalty rate for the entire machine was either $500.00 or $1,000.00, depending on whether you believe the plaintiff or the defendant.

Having defined the reasonable royalty, it is now necessary for the Court to consider

the defendant's contention that plaintiff is only entitled to a royalty rate of $200.00 per machine. Defendant contends that when it sold the eleven machines, it only infringed plaintiff's patent insofar as the planter head was concerned. In other words, the Court must determine whether plaintiff is entitled to a royalty based on the entire machine or just the carrier or planter head.

■ To resolve the issue requires a determination of whether the "entire market value" rule applies here. The entire market value rule "allows recovery based on the value of an entire mechanism containing several features, even though only one feature is patented, where substantially the entire marketable value of the total mechanism is attributable to the patented feature." *Crosby Steam Gage and Valve Co. v. Consolidated Safety Valve Co.*, 141 U.S. 441, 12 S.Ct. 49, 35 L.Ed. 809 (1891); *Goulds Mfg. Co. v. Cowing*, 105 U.S. 253, 26 L.Ed. 987 (1881); *Paper Converting Mach. Co., Inc. v. FMC Corp.*, 432 F.Supp. 907 (E.D. Wis.1977). As the court stated in *Westinghouse v. Wagner Mfg. Co.*, 225 U.S. 604, 32 S.Ct. 691, 56 L.Ed. 1222 (1912), the rule is tailored for "cases in which plaintiff's patent is only a part of the machine and creates only a part of the profits." The Supreme Court in *Westinghouse*, supra, 32 S.Ct. at 694 stated:

"He must therefore, 'give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented feature, ... or he must show, by equally reliable and satisfactory evidence, that the profits and damages are to be calculated on the whole machine, as a marketable article, is properly and legally attributable to the patented feature'."

In *Paper Converting Mach. Co., Inc. v. FMC Corp.*, supra, at 913, the court emphasized:

"The entire market value rule ... merely permits a recognition of the *actual economic value of the patent* under the unusual circumstances in which *market conditions* themselves would prevent an unli-

censed and noninfringing seller from making sales in the market for the entire machine, even though only one or more elements are patented." (Emphasis supplied)

And in *Leesona Corp. v. United States*, 599 F.2d 958 (Ct.Cl.1979), cert. denied, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1980), the Court of Claims stated:

"Under the entire market value rule, it is not the physical joinder or separation of the contested items that determines their inclusion in or exclusion from the compensation base, so much as their *financial and marketing dependence* on the patented item under *standard marketing procedures* for the goods in question." (Emphasis supplied)

The Fifth Circuit Court of Appeals has applied the *Westinghouse* rationale to a case in which the plaintiff's patent covered the entire machine and attributed 60% of the compensation basis to the portion of the machine (plow) found to have infringed plaintiff's patent. *Graham v. Jeoffroy Mfg.*, supra, at 77.

■ In the case now before the Court, the Court concludes that the royalty should be based on the carrier or head planter alone and not on the entire vehicle. It is clear that the vehicle can be and was used separate and apart from the carrier or head planter. The utility of the vehicle is not dependent on the carrier or head planter. Also, the vehicle is not financially dependent on the market created by plaintiff's patent. Thus, the vehicle is useful and marketable without the carrier or head device. Furthermore, the plaintiff himself established a separate royalty rate of $200.00 for the carrier or head planter.

Therefore, after fully considering the entire record in this case, the Court finds that the established royalty rate upon which plaintiff's damages for patent infringement is to be calculated is the sum of $200.00, which represents the established royalty rate for the carrier or head planter.

Since the record clearly shows that the defendant sold eleven machines which in-

fringed on plaintiff's patent, plaintiff is entitled to recover the sum of $2,200.00 from the defendant as damages resulting from the patent infringement.

The plaintiff also contends that he should be allowed treble damages and attorney fees. 35 U.S.C. § 284 provides the Court with considerable discretion to increase damages up to three times the amount found due or assessed in patent cases. The multiplication of damages depends on the degree of bad faith exhibited by the defendant. *Saginaw Products Corp. v. Eastern Airlines, Inc.*, 615 F.2d 1136 (6 Cir. 1980); *Trio Process Corporation v. L. Goldstein's Sons, Inc.*, supra, 612 F.2d at 1361.

The plaintiff contends that the defendant continued to manufacture and sell machines in violation of plaintiff's patent after being notified by Julien that the defendant was not to manufacture or sell the device without plaintiff's permission. Plaintiff also argues that the defendant should have consulted an attorney experienced in patent law instead of consulting an attorney who had no experience in patent law to determine if defendant was violating plaintiff's patent.

Once Gomez & Andre had actual notice of Julien's patent rights, the defendant was under an affirmative duty to exercise due care to determine whether or not it was infringing the plaintiff's patent. *Milgo Electronic v. United Bus. Communications*, supra, at 666; *Coleman Co. v. Holly Mfg. Co.*, 269 F.2d 660, 666 (9 Cir. 1959), cert. denied, 352 U.S. 952, 77 S.Ct. 326, 1 L.Ed.2d 243 (1959). However, where the defendant maintains an honest doubt as to the validity of the patent, this precludes the willingness to infringe necessary to increase the damages. *Eltra Corp. v. Basic Inc.*, 599 F.2d 745 (6 Cir. 1979); *Yoder Bros., Inc. v. Calif. Fla. Plant Corp.*, 537 F.2d 1347 (5 Cir. 1976); *Universal Athletic Sales Co. v. American Gym*, 480 F.Supp. 408 (W.D.Pa. 1979). In the present case, one of the defendant's officers testified that he sought advice from his attorney prior to manufacturing its machines, and also sought the advice of a patent attorney during the course of manufacturing these machines. Both counsel advised the defendant through its officer that its device did not infringe the plaintiff's patent. The course of action taken by the defendant in seeking advise of counsel, and in following that advise cannot be said to constitute bad faith which would justify the Court in awarding treble damages herein.

Plaintiff's request for attorney fees authorized by 35 U.S.C. § 285 is also denied for the reasons set forth above. An award of attorney fees is justified only in exceptional cases and is also within the discretion of the Court. There are no exceptional circumstances justifying such an award in this case.

Therefore, for reasons set forth above, judgment shall be rendered in favor of the plaintiff, Leonard J. Julien, and against the defendant, Gomez & Andre Tractor Repairs, Inc. in the sum of $2,200.00, together with legal interest thereon from the date of judicial demand and all costs of these proceedings.

Judgment shall be entered accordingly.