## GODDARD *v.* WILDE and others.

### (*Circuit Court, D. Rhode Island.* May 10, 1883.)

1. PATENT—CONTRACT TO SELL.

Until a contract is set aside a party thereto may be restrained, at the instance of the other party, from selling his patent in violation of the terms of such contract, though the court may be unable to enforce a specific performance of it.

2. SAME—ADEQUATE REMEDY AT LAW.

As the equitable remedy is more practical and efficient to the ends of justice in such cases, an injunction may be granted, although plaintiff has a remedy at law.

3. SAME—REVOCATION OF AUTHORITY.

Such an instrument is a contract and not a power of attorney, revocable at the pleasure of the maker, and is good until set aside upon a proper proceeding.

In Equity. Motion for a preliminary injunction.

*Wm. A. Macleod,* for complainant.

*Chas. A. Wilson,* for defendant.

COLT, J. The plaintiff in this case claims the exclusive right to sell within the United States the Wilde patent button, under a contract under seal with the defendant Wilde, the patentee. Subsequent to the date of the contract, Wilde sold a half interest in the patent

to the defendant Bowen, and entered into partnership with him for the manufacture and sale of the button. Goddard now asks that Wilde and Bowen be restrained from selling the button until a full hearing can be had upon the merits of the case.

It is urged in defense that Goddard was guilty of fraud in obtaining the contract. According to the affidavits of Wilde and his wife, this contract was to have no force and effect, but was signed merely to show the good faith of the contracting parties. They claim that the real contract agreed upon was essentially different from this, and that Goddard agreed to have the real contract drawn up and sent to Wilde the next day, when this one was to be returned.

Without expressing any opinion upon the merits of the controversy at this stage of the proceedings, we think the plaintiff is entitled to protection under his contract until it is set aside, and that he may fairly claim that Wilde and his partner should be restrained from selling the button in violation of the terms of an existing contract. *Singer Manuf'g Co.* v. *Union Button-hole & Embroidery Co.* 6 Fisher, 480; S. C. 1 Holmes, 253.

The objection is also urged that the complainant has a plain and adequate remedy at law, but the equitable remedy is often invoked in cases of this character as more practical and efficient to the ends of justice. *Hill* v. *Whitcomb*, 1 Holmes, 322; *Wylie* v. *Coxe*, 15 How. 415.

Nor is it true that Wilde can revoke the authority to sell. An instrument of this character is a contract, and not a power of attorney revocable at the pleasure of the maker. It is good until set aside upon a proper proceeding, *Burdell* v. *Denig*, 92 U. S. 716.

Nor is the objection sound that, because the court may not be able to decree a specific performance in this case, an injunction will not lie. In *Singer Manuf'g Co.* v. *Union Button-hole & Embroidery Co.*, before cited, this question was carefully considered by Judge LOWELL, and the conclusion reached that the court can restrain a party from selling in violation of his agreement, though it may be unable to enforce a specific performance of it. When speaking of the agreement as the grant of an exclusive license to sell the patented machine, the court observes: "And it has never yet been doubted that the court could restrain all persons, whether they were acting with or without notice, and whether bound by contract or not, from trespassing on such a title."

Injunction granted.