## SCHWARTZ et al. v. HOWARD HOSIERY CO.

### No. 117.

District Court, E. D. Pennsylvania.

March 15, 1939.

Louis Marcus, of Philadelphia, Pa., and Henry E. Stauffer, of Washington, D. C., for plaintiffs.

Louis Necho, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

In this suit for patent infringement the defendant has filed interrogatories under Rule 33, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiff has answered four of them and objects to the others.

The patent is for a method of knitting, intended to produce stockings which will not develop runs. The fifth claim is for the fabric produced, but I am accepting the plaintiff's view that it is not essentially different, so far as this question is concerned, from the others. The desired result depends entirely upon the manner in which the loops of thread composing the fabric are arranged, spaced and interlocked. The process is thus one which lends itself to definition in terms of the article which it produces. There is a patent drawing, which, according to the specifications, "represents a plan view of a portion of silk fabric as produced in accordance with" the process.

Interrogatory No. 4 reads as follows: "Does the drawing forming part of the patent in suit correctly illustrate the fabric described and claimed as your invention?"

This, it will be observed, is an interrogatory addressed to one of the parties of the action. Obviously one of the purposes of Rule 33 is to obtain admissions and thus limit the subjects of controversy at the trial and avoid unnecessary testimony, and waste of time in preparation. This answers the objections that the interrogatory calls for an "opinion," and that it goes to a matter equally within the knowledge of the interrogating party. Whatever its form, the substance of the interrogatory is, "Do you admit that the patent drawing does not correctly represent the fabric produced by your process?" Such a question seems to me to be a perfectly proper effort to limit the testimony at the trial, and I cannot conceive of any harm that it can do to the plaintiff or any reason in common sense why it should not be answered. Sooner or later during the trial of the issues of validity and infringement the judge will have to know what the fabric looks like. He will never know it by looking at a stocking, nor will examination under a microscope help a great deal. The idea will have to be conveyed by line drawings, and such drawings will be used to represent both the fabric of the patented process and that of the alleged infringement. The patent drawing will certainly be a center of controversy, because the defendant takes the position that it is not a correct representation of the fabric. Why should the plaintiff at this time refuse to say what he thinks about it or what he will contend? If both parties agree that it is incorrect, a long step towards simplification will have been taken. If they do not agree, then there will be testimony, expert and otherwise, upon that point at the trial and nothing will have been lost. The plaintiff's objections to answering this interrogatory seem to me to be the last word in technicality and entirely out of touch with the spirit of the new rules.

Interrogatory No. 8 is as follows: "Does the attached drawing marked Exhibit "B" truly represent the knitting of the fabric or hosiery made by Defendant and which Plaintiffs consider to be an infringement of the patent in suit?"

What has been said with regard to the fourth interrogatory applies generally to this one as well. There is, however, a real objection of considerable merit to this interrogatory which did not apply to the fourth. It is that it might introduce confusion and multiply rather than simplify issues if one party to an action of this kind should be permitted to put any number of hypothetical (or for that matter, real) fabrics to the other with the interrogatory as to each, whether or not it represents an infringing device. In this particular case, the objection can be easily obviated. I assume that the defendant's position is that the drawing, which he attaches to his interrogatory, does represent a fabric which he makes and which he believes this infringement suit is directed against. The plaintiff, therefore, need answer this interrogatory only if the defendant first files a stipulation to the effect that Exhibit B is a correct representation of a fabric actually produced by him.

At the argument, I understood defendant's counsel to state that if interrogatories 4 and 8 were answered the others objected to would be withdrawn. Upon that understanding I make no order with respect to them.

Interrogatory No. 4 will be answered. Interrogatory No. 8 will be answered upon the defendant's filing the stipulation referred to above.