**VASSARDAKIS v. PARISH et al.**

District Court, S. D. New York.

April 28, 1941.

208

Russell C. MacFall, of New York City, for plaintiff.

George Gordon Battle, and I. Maurice Wormser, both of New York City, for defendants.

HULBERT, District Judge.

The plaintiff served notice of the taking of the deposition upon oral examination of the defendant Parish and of the defendant American Flange & Manufacturing Co., Inc., by its president, pursuant to Rule 26 et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the motion to vacate or move pursuant to Rule 30(b) was denied. Thereupon the examination proceeded and such questions propounded by the plaintiff's counsel as were objected to were unanswered.

At the conclusion of the examination plaintiff moved under Rule 37(a) for a ruling upon the objections to the unanswered questions.

There was no counter motion under Rule 30(d). The sole question before me is whether the questions are relevant to the subject matter involved. Rule 26(b).

The purpose of these depositions is to prepare for trial as well as for use on the trial. In other words, the examination may be exploratory for the purpose of preparation and investigation, in which event they must concern matters relevant to the issue, but they must be conducted within the scope of Rule 43(b).

However, in passing upon the propriety of the questions now before me, I leave to the trial judge the question of the admissibility of the evidence.

The action is for breach of two contracts of employment:

1. Alleged to be an oral contract with the defendant Parish individually;

2. An oral contract afterwards reduced to writing with the defendant corporation;

3. An action against the defendant Myers for having induced the breach of both contracts, and

4. An action for conspiracy.

The questions are:

"(a) Could you tell us who the Holland associate is that you just referred to?" The witness is directed to answer "yes" or "no".

"(b) Was the name Van Leer?" The witness is directed to answer "yes" or "no".

"(c) Can you produce the contract?" The witness is directed to answer "yes" or "no".

"(d) Do you have the contract?" The witness is directed to answer "yes" or "no."

"(e) Can you produce the Van Leer contracts about which you have just testified?" The witness is directed to answer "yes" or "no."

"(f) The agreements were asked to be produced, and you objected, I believe, and I would again ask that the Van Leer agreements be produced to be marked for identification?" It appears the contracts were produced and shown to counsel for plaintiff but not marked for identification, and they should be.

"(g) Can you think of any reason why you should not tell us what number or proportion of shares (of the defendant corporation) you own?" It appearing that the witness had already testified he owned a majority of the stock, the objection is sustained.

"(h) Well, then, can I call for the production of the records of stock ownership of American Flange?" Objection sustained. The witness may be interrogated as to the existence, description, nature, custody, condition, and location of the record book referred to as provided by Rule 26(b) so that production thereof may be sought for inspection and copying or photographing in accordance with Rule 34.

"(i) As a result of this conference or these conferences with Mr. Bouw and other representatives of Mr. Van Leer, your company received a check for additional royalties on the sale of plugs similar to the Tri-Sure—" Objection sustained The witness may be asked whether the defendant corporation received a check or checks in connection with the sale of plugs and the person from whom, and the date when, and the amount of such checks, or the identity of the book or books containing entries relating thereto may be inquired into in accordance with Rule 26(b).

"(j) And as a result of the additional receipt of royalties, Mr. Parish, you congratulated Mr. Vassardakis on his splendid job of negotiation, did you not?" Objection sustained. The witness may be asked with respect to the conversation between the plaintiff and himself.

"(k) Mr. Parish, did you receive a payment of $10,000 from Van Leer as a result of those negotiations, or as additional payment of royalties?" Objection sustained. The witness may be asked if he received a payment of $10,000 from Mr Van Leer.

"(l) Can you tell us when you first met Mr. Myers?" The witness is directed to answer "yes" or "no".

"(m) Will you tell us when Mr. Myers was first employed by you or the defendant corporation?" The witness is directed to answer "yes" or "no."

"(n) Was it Mr. Myers who originally suggested or recommended the loan?" Objection sustained. The witness may be asked if he ever had a conversation with Mr. Myers relative to a loan of four thousand pounds sought by one Barbanelli, and if so, whether anyone else had ever spoken to him about such a loan previous thereto.

"(o) How much (stock of defendant corporation) was owned by Myers?" Objection sustained.

"(p) Isn't it the fact that you presently have an undated resignation of Mr. McGovern (as director of American Flange and Manufacturing Co., Inc.) and have had it ever since he has been an officer of the company?" This question should be separated by placing a question mark after the name "McGovern", and if answered in the affirmative, then the witness may answer the second question, created by the division suggested.

"(q) Doesn't Mr. Myers hold such an undated resignation of Mr. McGovern at this time?" Objection sustained.

"(r) Could you tell us whether you have or hold the undated resignation—or if the files of the company hold an undated resignation of Mr. Myers as an officer and director of the company?" Objection sustained. This question may be reframed to conform to (p).

"(s) Can you tell us, Mr. Parish, which of the officers of the company prompted that transfer or suggested it? (of the defendant Fuqua to Chicago in 1940)." Objection sustained.

"(t) Could you tell us if her transfer to Chicago was at your suggestion?" Witness is directed to answer "yes" or "no".

"(u) Mr. Parish, did you ever hear of something or someone named Blackfoot?" This question is very indefinite, but the witness will be directed to answer "yes" or "no."

"(v) To your knowledge, Mr. Parish, does Mr. Myers claim to have any powers as a medium or seance conductor, or something like that?" Witness is directed to answer "yes" or "no."

"(w) Have you ever discussed the question of spiritualism with Mr. Myers?" Witness will be directed to answer "yes" or "no."

The ruling upon the last three questions is not to be taken as an indication that a venture into the realm of spiritualism will be permitted. Settle order on notice unless consented to as to form.