**CONMAR PRODUCTS CORPORATION v.
LAMAR SLIDE FASTENER COR-
PORATION et al.**

District Court, S. D. New York.

Sept. 17, 1941.

On Reargument Sept. 29, 1941.

James & Franklin, of New York City, for plaintiff.

Henry L. Burkitt, of New York City, for defendant David Silberman.

MANDELBAUM, District Judge.

Defendant, David Silberman, has moved for an order limiting his examination upon various grounds. By companion motion, plaintiff moves for an order compelling said defendant to answer certain questions propounded during the examination before trial of said defendant. Inasmuch as these motions involve substantially the same legal points, they are considered together herein.

■ From a consideration of the papers submitted upon these motions and from a reading of the complaint, I am of the opinion that questions 3, 4, 6, 7, 8, 19, 22, 23, 26, 36 and 43 are proper and should be answered by the witness. They are relevant to the subject matter involved in this litigation. Lewis v. United Air Lines Transport Corp., D.C., 27 F. Supp. 946. The question of relevancy is more loosely construed upon an examination than upon a trial. These questions bear directly upon the enticing of plaintiff's employees through defendant, Silberman, and accordingly are proper.

■ Questions 107, 109 and 110 bear upon defendant Silberman's conspiracy to defraud plaintiff of its rights in certain secret processes and is an additional step in furtherance of the general scheme. Thus I find that these questions are proper upon the examination. The same is true of question 145 which should be answered.

Questions 165 and 167 are relevant to the matter of enticing Tibony from plaintiff to Lamar Slide Fastener Corp. The mere fact that defendant, Silberman, placed Tibony with Universal for a temporary period until Lamar Slide Fastener Corporation was organized cannot be used to defeat any inquiry into the underlying scheme charged to defendants.

■ Question 247 is also proper. Where defendant Silberman is charged with theft of plaintiff's trade secrets and unfair competition, it is relevant to show the consideration Silberman paid for the Lamar Slide Fastener Corporation stock he is alleged to have received. This inquiry is relevant to this litigation as bearing upon the consideration Silberman received for his part in obtaining and transferring plaintiff's alleged trade secrets. With respect to the alleged infringing machines, I am of the opinion that plaintiff is entitled to know if Silberman or Lamar Slide Fastener Corporation built and sold such machines and to whom.

Question 251 is sustained upon the same grounds as questions 107, 109 and 110, supra.

■ Questions 300, 303–306, 308–311, concern themselves with the sale of alleged infringing machines by defendant, Silberman, to others than Lamar Slide Fastener Corporation. This is charged in the complaint itself and I find that such questions are within the proper scope of this examination.

Accordingly, defendant Silberman's motion to limit this examination is denied and plaintiff's motion to compel the witness to answer the aforesaid questions is granted.

Settle order.

## On Reargument.

The defendant, Silberman, has been directed to answer certain questions propounded to him by the plaintiff during the course of an examination before trial. He applies for reargument.

The court has re-examined the entire matter and is not inclined to change its views. The court will, however, restate its position with respect to some of the questions propounded.

Question 107 is entirely proper and should be answered. Plaintiff is not to be limited to what the certificate of incorporation states.

■ Question 247 is proper. It seeks to explore the source of money the defendant obtained for selling stock of the corporation which is alleged to have been formed expressly to violate plaintiff's patents and to steal plaintiff's trade secrets. Defendant secured this stock gratis.

■ Question 251 is proper. Plaintiff is entitled to learn what consideration defendant, Silberman, received for conspiring to defraud plaintiff.

Questions 300, 303–306, 308–311 are objected to on the ground that they cover acts subsequent to the date of the complaint. In this type of action, it seems to be proper under the new rules to permit examination of such acts for the purpose of discovery. The court subsequently can allow amendment of the pleading to cover these acts, Rules 15(b) and 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Reargument granted, but the prior decision is adhered to.