**BREWSTER v. TECHNICOLOR, Inc., et al.**

District Court, S. D. New York.

Oct. 7, 1941.

Ring & Murray, of New York City, for plaintiff.

Roberts, Cushman & Woodberry, of Boston, Mass., for defendants.

George F. Lewis, of New York City, for defendants appearing specially.

BRIGHT, District Judge.

This is an action to recover damages for an alleged infringement of two patents, one involving a method for color cinematography, and the other for an apparatus for color cinematography. Both patents expired November 16, 1937. The damages claimed are those alleged to have occurred between March 29, 1935, six years before the commencement of this action, and November 16, 1937, the date of expiration.

Plaintiff, pursuant to Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has served upon the defendant Technicolor Motion Picture Corporation, interrogatories, to some of which said defendant objects. No objection is made to numbers 1, 2, 5, 7, 8, 9, 11, 12, 13, 14, 15 and 16, which, of course, will be answered. Interrogatories 3, 4, and 41 are to be answered by deposition. The objections to the remaining interrogatories fall into three groups (1) numbers 6 and 10 requesting the names of officers and directors of the two defendants since March 29, 1935; (2) numbers 17, and 42 to 53 inclusive, relating to, the subject of damages; and (3) numbers 18 to 40 inclusive, relating to the alleged infringement by the use, manufacture and sale of the alleged patented features.

■ As Rule 33 does not state the specific subject matter upon which interrogatories may be served, they may secure information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action", as provided in Rule 26(b). Kingsway Press v. Farrell Pub. Corp., D.C., 30 F.Supp. 775; Dixon v. Phifer, D.C., 30 F.Supp. 627.

■ Whether or not the evidence will be admissible upon the trial has not now to be determined. Union Central Life Ins. Co. v. Burger, D.C., 27 F.Supp. 556; Lewis v. United Air Lines Transport Corp., D.C., 27 F.Supp. 946; Gitto v. "Italia" Societa, D.C., 31 F.Supp. 567; Vassardakis v. Parish, D.C., 2 F.R.D. 207, Hulbert, J.

■ The practice under the present Rules of Civil Procedure is much more liberal than under the old Equity Rule 58, 28 U.S.C.A. § 723 appendix. Steingut v. Guaranty Trust Co., D.C., April 3, 1941, 1 F.R.D. 723, Conger, J. Nichols v. Sanborn Co., D.C., 24 F.Supp. 908; Chandler v. Cutler-Hammer, Inc., D.C., 31 F. Supp. 453.

■ Group 1. The answer of the objecting defendant is a general denial and sets out several affirmative defenses. The answer of the defendant Technicolor, Inc., is a general denial, avers that the patents claimed by plaintiff were improvident and unlawful, and also states that it has never directly or otherwise, made, used or sold any product whatsoever or practiced any process or method. I think these interrogatories are proper to show the intimate relations, if any, which may exist between the two corporations, and the possibility of their joint action in the alleged infringement. Grinnell Co. v. National Bank, D.C., 1 F.R.D. 767; Boldizzoni v. Canvass Cloth Mnfr. Works, 5 Fed.Index 33.319. The objections to interrogatories 6 and 10 are, therefore, overruled.

■ Group 2. In an action brought subsequent to the expiration of a patent only damages are recoverable; an action for equitable relief will not lie. Root v. Lake Shore & M. S. Railway Co., 105 U.S. 189, 26 L.Ed. 975. Only actual damages can be recovered, "and the amount of such royalties or license fees as [plaintiff] has been accustomed to receive * * * for the use of the invention, with interest thereon from the time when they should have been paid * * *, is generally, though not always, taken as the measure of his damages." Tilghman v. Proctor, 125 U.S. 136, 143, 8 S.Ct. 894, 898, 31 L.Ed. 664; In Coupe v. Royer, 155 U. S. 565, 582, 15 S.Ct. 199, 39 L.Ed. 263, the Supreme Court disapproved a charge which permitted the jury to render damages upon testimony as to the probable saving in the treatment of hides which resulted in the defendant's use of the plaintiff's process, stating that plaintiff would only be entitled to recover compensation for the pecuniary loss he has suffered from the infringement, without regard to what the defendant has gained or lost; that as the evidence disclosed the existence of no license fee, no impairment of plaintiff's market, and, in short, no damages of any kind, the jury should have been instructed to find nominal damages only. And in Brown v. Lanyon, 8 Cir., 148 F. 838, certiorari denied 204 U.S. 672, 27 S. Ct. 787, 51 L.Ed. 673, where it was con-

ceded plaintiff could not prove any such sales, or any established license fee, or any other form of direct damage, and where recovery measured by defendant's profits was sought, the Circuit · Court of Appeals for the Eighth Circuit held that an action at law could not be maintained for the sole purpose of recovering profits which an infringer had made. In Dowagiac Manufacturing Co. v. Minnesota Moline Plough Co., 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398, the case was sent back for further consideration because it did not appear what part of the profits received by defendant was attributable to plaintiff's invention and not to other parts and features, which it was said might have been shown with reasonable approximation by the testimony of experts. The court remarked that where an established royalty could not be shown, it would be permissible to show value by proving what would have been a reasonable royalty considering the nature of the invention, its utility, advantages and the extent of the use involved. But in the absence of satisfactory evidence of sales of licenses or of royalties established, proof of profits may be resorted to as one of the elements from which damages may be ascertained, although in an action like this, profits which the other party might have made are not the primary or controlling measure of damages. Burdell v. Denig, 92 U.S. 716, 720, 23 L.Ed. 764; United States Frumentum Co. v. Lauhoff, 6 Cir., 216 F. 610; Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 699, 53 S.Ct. 736, 7 L.Ed. 1449, 1457, 88 A.L.R. 496, where United States Frumentum Co. was cited with approval, Mr. Justice Cardozo writing "The law will make the best appraisal that it can, summoning to its service whatever aids it can" 289 U.S. at page 697, 53 S.Ct. at page 739, 7 L.Ed. 1449, 88 A.L.R. 496. The fact that the interrogatories interposed under this head may call for costs and income relating to all two film cameras, whether they include the patented film registering means or not, would not make the interrogatories objectionable. The courts heretofore have had no difficulty in separating an award of damages where the financial success of the article using that portion of the patent claimed to have been infringed, has been also based upon other features. Dowagiac Manufacturing Co. v. Minnesota Moline Plough Co., supra, Sheldon v. Metro-Goldwyn Pictures

Corp., 309 U.S. 390, 60 S.Ct. 681, 84 L. Ed. 825. In view of these decisions the objections to interrogatories 17, and 42 to 53 inclusive should be overruled.

Group 3. The interrogatories objected to under this head may be illustrated by the 18th, which asks:

(18) State whether or not the defendant during the said period made, used or sold any cameras for making negative films for color cinematography which used any or all of the following elements and if so specify the elements, the number of cameras so used and the number of feet of negative films made with each said camera—

(a) Optical means for producing separate images in separate focal plane areas.

(b) Intermittently operating film-feeding mechanism for passing a pair of perforated negative films step by step through the respective focal plane areas and permitting the films to be shifted in their own planes after the feed mechanism comes to rest.

(c) film-shifting devices adapted to cooperate with at least one selected perforation in each film at each step and operating independently of the feed mechanism after each feeding operation thereof, to shift the films in the respective focal planes to positions in which the selected perforations are in predetermined relation to the positions of the light-images projected by the said optical means.

(d) and means for actuating the feed mechanism and the film-shifting devices in harmony with each other.

Having in mind the cases above cited that we are to decide now whether the facts to be elicited are relevant and not whether they will be ultimately admissible, and knowing that the purpose of the new rules is to facilitate the decision of issues perhaps earlier than an actual trial, I think the objections to interrogatories 18 to 40 inclusive should be overruled. Boldizzoni v. Canvass Cloth Mnfr. Works, Campbell, J., August 22, 1941, supra; Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862; Schwartz v. Howard Hosiery Co., D.C., 27 F.Supp. 443. These interrogatories seem to call for the fact of whether or not the defendant made, used or sold any cameras for making negative films for color cinematography which used any of the elements specified in interrogatories 18 to 34 inclusive, or made use of or em-

ployed in making negatives for color cinematography any of the steps specified in interrogatories 35 to 40 inclusive.

Settle order on notice.