## Rush v. Butler Fair and Agricultural Assn. (No. 3)

*Carmen V. Marinaro, Robert J. Dodds, Jr., Leonard L. Scheinholtz,* and *Reed, Smith, Shaw & McClay,* for plaintiffs.

*Lee C. McCandless,* for defendants.

McKay, J., August 15, 1958.—There is presently before the court a motion by plaintiffs asking the court to impose sanctions upon defendants under Pa. R. C. P. 4019 (a) for failure to answer, or sufficiently answer, certain interrogatories filed by plaintiffs for the purpose of discovery.

The interrogatories are filed under rule 4005. In the answers and at the oral argument of the motion for sanctions defendants sought to excuse the failure to answer certain of the interrogatories on the ground that the matters inquired of were irrelevant, were not of substantial aid, that they were a matter of opinion and not the subject of interrogatories, or that they placed an undue burden and hardship upon defendants. No written objections were filed by defendants to the interrogatories.

The action is in equity. It was brought to impose a trust for the benefit of plaintiffs and other former shareholders of a dissolved business corporation known as the Butler Fair & Exposition upon the proceeds of a condemnation proceeding wherein the Butler School District paid $160,000 to the Butler Fair & Agricultural Association, a nonprofit corporation. The association was the successor to the assets of the exposition.

In their complaint plaintiffs allege, inter alia, that in 1945 the officers and directors of the exposition sold its assets to one of the directors, who later turned them over to the association, for an inadequate price and dissolved the corporation, and that these acts were done pursuant to the authorization of the stockholders at a meeting at which the renewal of a valuable lease for the premises where the fair was conducted was fraudulently concealed from the shareholders of the exposition. They also allege that the officers and directors of the exposition thereupon became the officers and directors of the association and that plaintiffs were not invited to become members of the association.

A demurrer was filed to the complaint by defendants which was sustained on the ground that plaintiffs were guilty of laches, but this decision was reversed by the Supreme Court.[1] An answer was filed by defendants, following which the interrogatories in question were filed and answered in part.

The principal contention of plaintiffs, one applicable to all of the interrogatories not answered, is that by failing to file written objections to the interrogatories within 10 days, as required by rule 4005(b), defendants have waived the right to assert any objections to the interrogatories at this stage of the proceeding.[2]

Rule 4005(b) reads:

"Within ten (10) days after service of interrogatories a party may file and serve written objections thereto. Answers to interrogatories to which objections are made shall be deferred until the objections are decided."

Does the failure to file and serve written objections as provided by the above rule constitute a waiver of the right to challenge the propriety of the interrogatories in the answers to the interrogatories?

It is clear that such failure does not constitute a waiver of the objection that the interrogatories place an undue burden and hardship on defendants.[3] Rule

---

[1] Rush v. Butler Fair and Agricultural Association, 391 Pa. 181.

[2] Plaintiffs also contend that defendants waived their rights to object to the interrogatories because they failed to move for a protective order under rule 4012. Rule 4012, however, applies only to discovery by taking a deposition and hence is not pertinent to the present interrogatories which were filed under rule 4005.

[3] This objection is raised to interrogatories 19 and 20 only. No. 19 inquires as to the annual gross income of the exposition from 1940 to 1945, and 20 asks for the annual gross income of the association for the years 1946 to 1956, inclusive. Defendants aver that the answer to these interrogatories would place an undue burden and hardship on them in the way of employing accountants to go over existing records.

4011 bars any discovery which would impose an undue burden and hardship on a party. It reads:

"No discovery . . . shall be permitted which . . . (b) causes unreasonable annoyance, embarrassment, expense, or oppression to the deponent of any person or party . . . or, (e) would require the making of an unreasonable investigation by the deponent or any party or witness."

The above language is clear and unconditional. It states that no discovery shall be permitted which involves the objections now raised by defendant. In the face of this language a court cannot permit, much less require, a discovery which the rule expressly prohibits.

A more difficult question is presented with respect to the other objections raised by defendants such as that the discovery sought is not relevant or of substantial aid, and the like, for these objections are not expressly forbidden by rule 4011 which purports to limit the scope of discovery. Nevertheless, the rule granting the right to submit written interrogatories to an adverse party at all necessarily, we think, limits that right to matters which are specified in the rule itself, including relevant matters. See rule 4005(c) which reads: "Interrogatories may relate to any matters which can be inquired into under Rule 4007," etc. Pa. R. C. P. 4007(a) provides:

". . . Subject to the limitations provided by Rule 4011 the deponent may also be examined regarding any matter, not privileged, which is *relevant* to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." (Italics supplied).

It is our opinion that inasmuch as the Procedural Rules specify certain matters which may be the subject of discovery by written interrogatories, the court is

powerless to permit, much less order, discovery of other matters. It is to be borne in mind that the present motion is that sanctions be imposed for failure to answer certain interrogatories. If, as defendants allege, the discovery sought to be elicited by the interrogatories are beyond the scope of the Procedural Rules, it would not be appropriate for the court to order defendants to answer those interrogatories under penalty of sanctions.

In addition, it may be observed that the language of rule 4005 is permissive only. It provides that "a party *may* file and serve written objections" to the interrogatory. There is nothing in the rules that states or implies that the party must file them or be held to have waived them.

The authors of Goodrich-Amram Civil Practice, after analyzing the question of what matters are deemed waived by the failure to present them by objections, limit those matters to errors of form in the question and tardy filing of the interrogatories. See comment on rule 4005(*b*)2 in that text. They also state in the same comment, page 80:

"It seems clear that, if the adversary fails to raise his objections to the conduct of the interrogatories preliminarily, he will have another opportunity to raise them through a refusal to answer offending questions. This would seem to be the limit of his privilege. He must then risk a contempt order under Rule 4019 if he is again ordered to answer."

We adopt the above view and hold that the mere failure to file objections under rule 4005(*b*) does not constitute a waiver to raise questions of relevancy, substantial aid and the like, in the answers to the interrogatories themselves.

We recognize that the Federal courts have adhered to the opposite view in construing similar language

in the Federal rules.[4] Nevertheless, in our opinion, the view which we have adopted is the proper one under the Pennsylvania rules.

A second contention of plaintiffs, also applicable to all the unanswered interrogatories, is that the answers to the interrogatories should have been signed and verified by all defendants. The interrogatories were propounded to defendant association and nine individual parties as officers and directors. They were signed by but three of the individual defendants, by the president and secretary of the association and by the attorney for defendants, and sworn to by only two of the individual defendants.

Rule 4006 provides:

"The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them," etc.

In the present case it is our opinion that the answers are properly signed and verified. True, there are many parties defendant, but they are all represented by one counsel, and their defense is the same. Counsel stated at the argument that several defendants were not available but that he had discussed the facts with all defendants and the answers represented the understanding of all of them as to the interrogatories propounded. Under these circumstances no useful purpose could be served by imposing sanctions upon defendants because some defendants failed to sign and swear to the answers. . . .

*Interrogatories 3 and 13*

Interrogatory 3 reads:

"State the value for Fairgrounds purposes of the buildings on the Fairgrounds property as of the date of the commencement of this action."

---

[4] Bohlin v. Brass Rail, Inc., 23 Fed. Rules Serv. 442 (D. C. S. D. N. Y. 1957) ; Cary v. Hardy, 1 F. R. D. 355.

Interrogatory 13 reads:

"State the value of the assets of the Butler Fair and Exposition as of the date of the shareholders' meeting on December 10, 1945."

Instead of answering these interrogatories defendants averred that the interrogatories were not the subject of interrogatories because an answer would call for an opinion.

The fact that an answer to an interrogatory calls for the expression of an opinion does not of itself make the interrogatory improper or excuse the opposing party from answering it.

Counsel for defendants points out that an opinion is to be distinguished from a fact and argues that only facts may be elicited by an interrogatory. This was true under former rule 4007(b) which read:

"The Court on petition . . . may allow the taking of depositions orally or by written interrogatories . . . of any party or persons to discover *facts*."

However, the 1954 amendments of the Pennsylvania Procedural Rules provide as follows:

Pa. R. C. P. 4005(c): "Interrogatories may relate to any *matters* which can be inquired into under Rule 4007. . . ."

Pa. R. C. P. 4007(a): "Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabout of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

It would seem that the Supreme Court in substituting the word "matters" for "facts" intended to broaden

the scope of the subject of inquiry in discovery proceedings.

The only limitation that remains is whether the matter inquired of meets the above requirements of rule 4007(a).

Accordingly, the question before us is not merely whether an answer to the interrogatory calls for an expression of an opinion by defendants as distinguished from the disclosure of *facts* but whether the value of the property and assets inquired of in these interrogatories is a *matter* which is relevant to the subject matter involved in the action and will substantially aid in the preparation or trial of the case: 4 Moore's Federal Practice 2311; Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., 12 F. R. D. 531 (D. C. S. D. N. Y. 1952); Schwartz v. Howard Hosiery Co., 27 F. Supp. 443 (D. C. E. D. Pa. 1939).

Interrogatory 13 is clearly relevant for it inquires as to the value of the assets of the exposition on the date when it was alleged that those assets were fraudulently transferred for an inadequate consideration. It would appear to be equally clear that an answer to this question would substantially aid plaintiffs in the preparation and trial of their case.

Interrogatory 3 is not as obviously relevant or helpful. It asks the value for fairgrounds purposes of the buildings on the fairgrounds property when the present action was commenced. At first glance we do not see how this matter is relevant or will aid plaintiffs. However, we cannot say that it is irrelevant or that it cannot aid them. It is difficult to determine what evidence is relevant in advance of the trial and any doubt on that point should be resolved in favor of relevancy. Hence both interrogatories 3 and 13 should be answered.

It may well be that it is difficult to fix the value of the properties or assets to the exact dollar and cent

for the reason that value is a matter of opinion which often varies widely between the different witnesses whom a party might call. The matter is further complicated by the fact that there are 12 defendants, one of which is a corporation, and it may well be that their answers to the interrogatories would differ. Nevertheless, defendants should answer the interrogatories as well as they can. The answer given, namely, that the interrogatories are not the subject of discovery because they call for the expression of an opinion, is certainly insufficient.

### Interrogatory 14

The fourteenth interrogatory reads:

"List the disbursements which have been made from the proceeds of the Viewer's Award of the Fairgrounds property which has been paid to the Association by the School District of the City of Butler and the present whereabouts of the remainder of the fund."

The issues in the present case relate to whether or not fraud was practiced by the officers and directors of the exposition at the time they obtained a favorable vote for the dissolution of that company and the transfer of its assets. If plaintiffs are successful in establishing that fraud existed, they will, of course, be entitled to an accounting of the funds and assets of the association from its inception so far as that is possible and particularly an accounting of the proceeds of the $160,000 paid to the association by the school district for the value of its leasehold and buildings.

Until the fact of fraud and the imposition of the trust is established, however, it is irrelevant what has become of the funds paid by the school district to the association. The Supreme Court has already ruled in the present case that the school district should pay the $160,000 over to the association and not pay it into court. The effect of this decision is to recognize that the association is entitled to receive the funds and

retain these funds until plaintiffs establish in court that they should be held in trust for them and other stockholders of the exposition. Accordingly, at this stage of the case, interrogatory 14 is irrelevant and need not be answered.

Subsequent to filing the 18 original interrogatories, plaintiffs filed two additional ones which read as follows:

"19. State the annual gross income of the Butler Fair & Exposition for the years 1940 to 1945, inclusive."

"20. State the annual gross income for the Butler Fair & Agricultural Association for the years 1946 to 1956, inclusive."

In answer to these interrogatories defendants set forth: "Not relevant or of substantial aid, hence not the subject of these interrogatories and in addition the same is placing an undue burden and hardship on the defendant in the way of employing accountants, etc. to go over existing records."

With respect to relevancy it is difficult for us to see how the annual income of the respective fair organizations can be useful in the present proceeding without, in addition, ascertaining the net income for the same years. This information is not asked. Nevertheless, we cannot say that the gross income is irrelevant. For example it is alleged in the complaint that defendant dissolved the exposition at the close of one of its most profitable years. The gross income for the six years prior to dissolution would be relevant in supporting that issue.

Similarly, it is conceivable that the income of the association subsequent to its formation might be relevant in the present case. Since the gist of the fraud alleged in the present case is the transfer of assets for a grossly inadequate consideration, and since the gross annual income would be relevant to the question

of value of the assets both before and after the transfer, we hold that interrogatories 19 and 20 are relevant to the present inquiry.

Defendants further advance as the reason for failure to answer interrogatories 19 and 20 that they place an undue burden and hardship on defendants in that they would be required to employ accountants, etc., to obtain the information. Certainly this would not be true of the gross annual income of the association subsequent to 1946 for defendants admit that they have already furnished that information to the viewers in connection with the condemnation of the leasehold. If defendants are unable to furnish the information required to answer the interrogatories without undue hardship, that is, without "unreasonable annoyance, embarrassment, expense or oppression" in violation of rule 4011(b), or "without the making of an unreasonable investigation by the deponents" under rule 4011(e), defendants should at least set forth all of the information which they have at their disposal and all that they can obtain without the employment of accountants and set forth in their answers the facts which would show that further discovery would violate rule 4011. At this time they have not done so.

## Order

Now, August 15, 1958, it is ordered that plaintiffs' motion for sanctions for failure to answer the interrogatories propounded in the above entitled case is dismissed as to all interrogatories except interrogatories 3, 13, 19 and 20. As to interrogatories 3 and 13, defendants are directed to file answers setting forth the values therein inquired of with such precision as is reasonably possible.

With respect to interrogatories 19 and 20, defendants are directed to answer them by setting forth the gross income for the respective organizations

during the years for which they have available data and which they can furnish without unreasonable expense, or investigation, and as to all other years requested in the interrogatories, to set forth the facts which clearly indicate that such expense and unreasonable investigation would be entailed by a strict compliance with the interrogatories.

It is further ordered that the answers shall be filed within 10 days from the notice of this order, failing which plaintiffs may renew their motion for sanctions with respect to said interrogatories 3, 13, 19 and 20.