**FÉLIX A. THILLET, INC., Plaintiff,**

v.

**The KELLY-SPRINGFIELD TIRE COM-
PANY, Defendant.**

Civ. No. 174-66.

United States District Court
D. Puerto Rico.

Aug. 31, 1966.

Benjamín Rodríguez Ramón, San Juan,
P. R., for plaintiff.

Gonzalo Sifre, San Juan, P. R., for de-
fendant.

## ORDER

CANCIO, District Judge.

This is an action for damages under the provisions of Act No. 75, approved by the Legislature of Puerto Rico on June 24, 1964,[1] filed by Félix A. Thillet, Inc., a Puerto Rican corporation, against The Kelly-Springfield Tire Company, a corporation organized under the laws of the State of Maryland. The mentioned statute represents the Commonwealth legislature's response to the many problems that arise from the cancellation of dealers' or distributorship contracts by mainland and local firms, in those cases in which there are no reasonable grounds therefor.[2] According to Section 4 of the act, its provisions are of a public order.[3]

According to the facts alleged in the complaint, which for our purposes here must be taken as true, Plaintiff has been the sole distributor in Puerto Rico, during the last twenty-six years, of Kelly tires, tubes, and repair materials and accessories manufactured by Defendant, under franchise agreements consequently renewed every two years, the last one allegedly expiring on December 30, 1965. Defendant cancelled the same as of, and has refused to renew said contract from December 30, 1965 on, allegedly without just cause,[4] as a consequence of which plaintiff claims damages amounting in the aggregate to $263,747.00, for installations and equipments, stock in trade, goodwill, and profits obtained from the sale of said articles during the last five years.

In its answer, Defendant admitted, among other things, the existence of the distribution contract and its refusal to renew the same, and raised special defenses challeging the validity of the mentioned law, affirmatively alleging that the contract terminated on the stipulated date of December 30, 1965, and was not renewed by the defendant for just cause. Plaintiff then submitted to Defendant an interrogatory of eighteen questions, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to which Defendant objected in part.

---

1. 10 L.P.R.A.Cum.Supp. §§ 278–278d.

2. The Act contains the following statement of motives:—"The Commonwealth of Puerto Rico can not remain indifferent to the growing number of cases in which domestic and foreign enterprises, without just cause, eliminate their dealers, concessionaries, or agents, as soon as these have created a favorable market and without taking into account their legitimate interests. The Legislative Assembly of Puerto Rico declares that the reasonable stability in the dealer's relationship in Puerto Rico is vital to the general economy of the country, to the public interest and to the general welfare, and in the exercise of its police power, it deems it necessary to regulate, insofar as pertinent, the field of said relationship, so as to avoid the abuse caused by certain practices."

3. "The provisions of this chapter are of a public order and therefore the rights determined by such provisions can not be waived." 10 L.P.R.A.Cum.Supp. § 278c. By Act No. 105, approved on June 23, 1966, the following paragraph was added as an amendment to such section:—"This act, being of a remedial character, should for the most effective protection of such rights, be liberally interpreted; in the adjudgment of the claims that may arise hereunder, the courts of justice shall recognize the right in favor of whom may, effectively, have at his charge the distribution of activities, notwithstanding the corporate or contractual structures or mechanisms that the principal or grantor may have created or imposed to conceal the real nature of the relationship established."

4. "Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may terminate said relationship or refuse to renew said contract on its normal expiration, except for just cause." 10 L.P.R.A. § 278a. Act No. 105 of 1966, supra, amended said section in the following manner:—"Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may *directly or indirectly perform any act detrimental to the established relationship* or refuse to renew said contract on its normal expiration, except for just cause." (Amended words emphasized.)

The case came to be heard before this Court on August 16, 1966, at 9:00 a. m., on Defendant's motion objecting to interrogatories made in questions number 6 and 8 to 16, inclusive. The objections were raised to each on different grounds. At the outset, counsel for the parties informed the Court of a stipulation they had agreed upon, whereby Plaintiff withdraws question No. 6, Defendant withdraws its objections to questions Nos. 11, 12 and 13, on the understanding that the phrase "name and address of the owner of the premises" is deleted from said last question No. 13. Defendant also withdraws its objection to that part of question No. 10 referring to the date of its incorporation. The objections to the other questions mentioned remain as originally made.[5]

Counsel for either party argued their respective positions concerning their objections. The parties thus having been heard, and the Court being otherwise fully advised on the premises, it now proceeds to rule on the objections.

Questions No. 8, 9, the last part of No. 10, and questions 14 and 17, attempt to discover information concerning the corporate and other business connections between Defendant, The Kelly-Springfield Tire Company, and the Good Year Tire & Rubber Company. Plaintiff suggests that the propriety of such discovery lies in an alleged holding-subsidiary company relationship between those two enterprises. This relationship has not been denied by Defendant. Defendant's objections in regard thereto rely on the fact that the Good Year Tire & Rubber Company is not a party in this action and that, except upon the existence of specific allegations of a conspiracy between the two companies, any inquiry along the line intended by Plaintiff is irrelevant and immaterial in the premises.

One of the methods authorized by the Federal Rules of Civil Procedure for the discovery and inspection of evidence is by interrogatories to the parties under Rule 33. The scope of inquiry into the other party's case through this procedural device is as broad as discovery under Rule 26, relative to depositions. The rule itself reads, "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b) * * *", the only limitation thereof being privilege or irrelevancy. The criteria for determining the relevancy of interrogatories is not whether the evidence which one party attempts to elicit from the other is admissible at the trial of the action, (Rule 26(b)), nor whether it is within the issues raised by the pleadings. The test is relevancy to the subject matter of the action, not to

---

5. The interrogatories in question read as follows:
* * * "8. Please state any and all corporate relationship between the defendant The Kelly-Springfield Tire Company and Good Year Tire & Rubber Company, during the last fifteen years.
"9. Please state the name of all corporate directors of the defendant herein and state whether any one of them is also a member of the Board of Directors or is officer of Good Year Tire & Rubber Company, and give their names and offices.
"10. Please state when and where did the defendant incorporated and when and where was Good Year Tire & Rubber Company incorporated.
* * * "14. Please state if Good Year Tire & Rubber operates in Puerto Rico through a local distributor or through a branch of their own, and since when, indicating how it operated since 1939 to 1966.
"15. State the different types of products that defendant had been selling in Puerto Rico through the plaintiff up to December 31, 1965 and state also the different types of products the defendant has been selling in Puerto Rico since that date on, to the present.
"16. State whether the defendant sells at present in Puerto Rico or proposes to sell in the near future any other additional product besides tires, tubes and automobile accessories. In such a case, please spell out each one of those additional products.
"17. Please state whether the Good Year Tire & Rubber Company sells in Puerto Rico any other products besides tires, tubes and automobile materials and since when. Please also spell out which are those other products. * * *"

the precise issues framed by the pleadings, and inquiry as to any matter which is or may become relevant to the subject of the action should be allowed, subject only to the objection of privilege * * " 4 Moore Federal Practice (2d Ed.) 33.-15. This statement is supported, by Gutowitz v. Pennsylvania R. Co. (E.D. Pa.1945) 7 F.R.D. 144; United States v. Timken Roller Bearing Co. (N.D.Ohio 1947) 10 F.R.Serv. 33.321, case 7.

■■ At this stage of the proceeding, it can not be asserted, in an absolute and unequivocal manner, that the relations between the defendant and its alleged holding company, the Good Year Tire & Rubber Company, inquired into by the plaintiff, do not have any bearing on the facts of this case. It should be clearly understood that the Court is not deciding at this time whether any evidence resulting from such inquiry would be admissible at trial. It could well happen that the relations between both companies, the marketing policies of one toward the other, or the trend and manner of expansion of their sales in the Puerto Rican market, might be relevant to the determination of whether the plaintiff was reasonably complying with its franchise agreement with the defendant, or, on the other hand, whether the defendant had a just cause for the cancellation or non-renewal thereof. Since at this early stage the matters in dispute between the parties concerning such issues are not as well determined as at the moment of the trial, the Court must follow a more liberal standard of relevancy. The scope of examination should not be curtailed unless the information sought is clearly irrelevant, a circumstance the defendant has not shown to the Court. 4 Moore Federal Practice, 26.16; Canuso v. City of Niagara Falls (W.D.N.Y.1945) 7 F.R.D. 162; Berke v. United Paperboard Co., Inc. (S.D.N.Y.1938) 26 F. Supp. 412; Union Central Life Ins. Co. v. Burger (S.D.N.Y.1939) 27 F.Supp. 556; Thompson v. Oil Refineries, Inc. (W.D.La.1939) 27 F.Supp. 123; Brockway Glass Co. v. Hartford-Empire Co.

(W.D.N.Y.1941) 36 F.Supp. 470; Prosperity Co., Inc. v. St. Joe Machines, Inc. (W.D.Mich.1942) 2 F.R.D. 299; Campbell v. American Fabrics Co. (E.D.N.Y. 1942) 2 F.R.D. 204; Conmar Products Corp. v. Lamar Slide Fastener Corp. (S.D.N.Y.1941) 2 F.R.D. 154; Heiner v. North American Coal Corp. (W.D.Pa. 1942) 3 F.R.D. 63; Unlandherm v. Park Contracting Corp. (S.D.N.Y.1938) 26 F. Supp. 743; Vassardakis v. Parish (S.D. N.Y.1941) 2 F.R.D. 207; Application of Zenith Radio Corp. (E.D.Pa.1941) 1 F.R.D. 627.

■ The same reasoning would apply to the remaining questions objected to, that is, to questions Nos. 15 and 16. The issues there are (1) whether Defendant was in a condition to provide Plaintiff with different types of tires, tubes, materials and accessories, in addition to the ones being furnished up to December 30, 1965; (2) whether Defendant could and should have provided Plaintiff with other classes of products, not related to the automobile business, such as air conditioning units, toys, and refrigerators, viewing this in the context of marketing trends that may have been the result of the corporate policies of mainland enterprises that do business in the Commonwealth, which circumstances may or may not weigh in the volume of Plaintiff's sales; and, (3) whether those facts bear or not on the defense of just cause raised by the defendant as an explanation for the cancellation or non-renewal of the franchise agreement with the plaintiff. These issues are not clearly irrelevant to this action. Examination as to said matters should be allowed whether or not the theory of the complainant is sound, or the facts, if proved, would or would not support the relief sought or the defense advanced by the defendant. Bloomer v. Sirian Lamp Co. (D.Del.1944) 8 F.R.Serv. 26(b), case 3.

Upon the considerations hereinbefore stated, the Court finds that the interrogatories objected to have not been shown to be irrelevant to the issues in this case and, consequently, orders, adjudges and

·decrees that said objections are not well taken and are hereby denied.

Defendant is granted fifteen days from the date hereof to answer said questions in compliance with Rule 33 of the Federal Rules of Civil Procedure.

Let copy of this order be notified to the attorneys for the parties herein.